[No. 25533. Department One. September 27, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. C. A. BIRCH, *Appellant*.[1]

*Fred M. Bond,* for appellant.

*Edward W. Mathewson* and *John I. O'Phelan,* for respondent.

GERAGHTY, J.—By verdict of a jury, the defendant was found guilty of driving a motor vehicle in a reckless manner over a public highway, in violation of Rem. Rev. Stat., § 6362-45 [P. C. § 196-45]. Motions in arrest of judgment and for a new trial were interposed and overruled. Judgment was entered upon the verdict and a jail sentence imposed, together with costs. This appeal is from the judgment and sentence.

Taking up appellant's assignments of error in their order, the first is the alleged error of the court in receiving evidence tending to show that appellant had been drinking intoxicating liquor before the accident out of which the prosecution arose.

The information upon which the appellant was tried contained two counts. The first charged operating a motor vehicle upon a public highway while under the influence of intoxicating liquor; the second, reckless driving.

There had been a former trial of the appellant under the information, resulting in a verdict of acquittal upon the charge of driving while under the influence of liquor and a verdict of guilty upon the charge of reckless driving. Following the verdict, the appellant filed motions in arrest of judgment and for new trial. The motion for new trial was granted.

After the jury had been accepted and sworn in in the second trial, the court advised counsel for the parties of its purpose not to submit the first count—driving while under the influence of intoxicating liquor—to the jury. Prior to this announcement, the appellant had filed a plea of former acquittal to this count.

The court permitted a witness to testify that, upon call, he reached the scene of the accident shortly after its occurrence; that the appellant rode back with him from the place of the accident to Long Beach, occupying a rear seat with Mr. Boubel, the driver of the car with which appellant's car collided; that he observed appellant's breath at the scene of the accident; that he heard Mr. Boubel say to appellant, "Why did you run into me?", to which appellant answered, "Well, I didn't see you. I was looking at the ocean," or words to that effect. Boubel then said, "The reason you didn't see me was because

you were drinking and drunk." Boubel testified that, while riding with appellant from the scene of the accident, appellant told him that he "drank everything but rubbing alcohol and that he sold that to the Indians and they rubbed it on their backs and licked it off."

Appellant's objection to the reference to intoxicating liquor is based, primarily, on the contention that, having been acquitted of the charge of driving while intoxicated, the reference, on his trial for reckless driving, to the use of liquor was improper and prejudicial. This testimony was permitted by the trial court as part of the *res gestae*. By statute, driving while under the influence of intoxicating liquor is a substantive offense, regardless of attendant circumstances. On the other hand, we have held that it is not error to permit the introduction of evidence and testimony to prove that the accused had been drinking and was apparently intoxicated before, and at the time of, an accident. *State v. Ramos,* 159 Wash. 599, 294 Pac. 223.

In *Bates v. Tirk,* 177 Wash. 286, 31 P. (2d) 525, it is said:

"If the driver of an automobile exercises the care which the law requires, the fact that he is intoxicated at the time does not, of itself, furnish any ground of liability, in the absence of any statute thereon. However, the fact of intoxication is admissible on the issue of negligence where the evidence of negligence is conflicting or different inferences may be drawn therefrom. 2 Blashfield Cyc. Automobile Law, p. 1677; *Finn v. Sullivan,* 110 Cal. App. 38, 293 Pac. 639; *Landham v. Lloyd,* 223 Ala. 487, 136 So. 815; *Bray-Robinson Clothing Co. v. Higgins,* 210 Ky. 432, 276 S. W. 129; *Powell v. Berry,* 145 Ga. 696, 89 S. E. 753, L. R. A. 1917A, 306.

"A person under the influence of intoxicating liquor is unfit to operate an automobile, not only because of

the excessive speed that he may attain or the devious course that he may follow, but also because his brain may not properly function in coordination with his hands or his feet, even under the ordinary circumstances attendant upon the progress of traffic. The jury is therefore entitled to consider evidence of intoxication as bearing on the question of negligence."

Under the section upon which the appellant was charged, § 6362-45 [P. C. § 196-45], "driving in such manner as to endanger or inconvenience unnecessarily other users of such highway," constitutes the offense. In view of the known effect of alcohol, it is for the jury to say whether or not its use by the accused, under the circumstances, rendered him incapable of driving, in accordance with the standard fixed in the statute.

"If the conduct of the drunken man measures up to the standard fixed by law, the drunkenness alone will not authorize a recovery for an injury caused by him. Still it is one of the facts entering into the transaction, and is provable as such. It is not negligence per se for a man to have a defective vision, or to have an impotent hand; but if a person so afflicted should undertake to drive a powerful automobile on a crowded thoroughfare, and injury should occur from a collision with another passer, the condition of the driver of the machine would be a provable fact, under proper allegations, for consideration by the jury in determining whether in his entire conduct he was negligent." *Powell v. Berry,* 145 Ga. 696, 89 S. E. 753, L. R. A. (N. S.) 1917A, 306.

It is to be noted that, in the cases cited above, the questioned testimony related to drunkenness and to intoxication, rather than to the use of intoxicating liquor, but this distinction is one of degree rather than substance. Whether or not, in any particular case, the extent of the use of intoxicating liquor in-

fluenced the manner of driving, is a question for the jury.

A witness for the state testified that, shortly before the accident, he saw the appellant driving his car on a street in Long Beach; that appellant made a sharp turn around a corner toward the beach while driving at not less than thirty-five to forty miles an hour. The appellant, after entering the beach from the town of Long Beach and driving north some eight miles, turned around and drove back approximately three miles before colliding with Boubel's car. In other words, he had driven eleven miles from the point where the witness saw him make the short turn at an excessive speed. When seen, the appellant was entering upon the drive that ended in the accident. Appellant assigns error upon the reception of this testimony. Whether or not the testimony was too remote, was to be determined by the trial judge in the exercise of a sound discretion under the circumstances.

"The question of excluding evidence because of remoteness rests largely in the sound discretion of the trial court, and the ruling of that court will not be disturbed unless the evidence offered was so remote in point of time as to be immaterial. Ordinarily, remoteness affects the weight, rather than the admissibility, of the evidence. . . . 'The lapse of time between that occurrence and the one in question could properly be considered by the jury in determining the weight which should be given to the evidence.' " *State v. Stevenson,* 169 Wash. 10, 13 P. (2d) 47.

The appellant complains of the court's refusal to direct a verdict because of the insufficiency of the evidence. Appellant was charged with reckless driving on a stretch of the ocean beach, which, by chapter CX, Laws of 1901, p. 225, has been made a public highway between "ordinary high tide and extreme low

tide.'' While driving his car south in the direction of Long Beach, the appellant collided with a car driven by Boubel, who had with him in the car his wife and three guests. The collision occurred in the late afternoon and when the tide was low. There were several hundred feet of beach between the loose sand and the water. Boubel was driving north on the outer edge of the beach and within a few feet of the loose sand. He testified that he saw the approach of Boubel's car for a considerable distance; that, as appellant's car approached from the north, it ''seemed to be weaving.'' Boubel said, ''I seen him when he got the length of this room [court room] from us and he headed right into me.'' Boubel testified that he was not over three to five feet from the sand on his right.

While there were several hundred feet of beach on which it was possible to drive at the time, there was a depression some distance out from the dry sand. The appellant was driving on the land side of the depression. The testimony indicated that, on his right, there were at least forty-five feet of unobstructed beach between him and the depression. On the other hand, Boubel could not have safely crowded very much closer to the dry sand. The other occupants of the car, with the exception of Mrs. Boubel, who was not in court, testified in general corroboration of Boubel's story. This, with the other testimony of the attendant circumstances, we think made a case for the jury.

The appellant contends that the reckless driving punishable under the statute, must amount to gross negligence, which this court has defined as being the want of even slight care. He cites numerous cases from this and other courts, all of which, however, have to do with actions for negligence between private parties. Section 6362-45 [P. C. § 196-45], carries its own definition of reckless driving, as the term is there

used. We think it was for the jury to determine whether, upon all the evidence, the appellant was driving in "such manner as to endanger or inconvenience unnecessarily other users of such highway."

The appellant complains of the court's refusal to give an instruction requested by him, admonishing the jury that no inference of guilt arises from the appellant's failure to testify. The instruction given by the court substantially followed the statute, and we are at a loss to know what more appellant could ask.

"Where the jury is properly directed as to the law upon a particular question, the language used by the court is a matter of no special importance." *State v. Deatherage*, 35 Wash. 326, 77 Pac. 504.

The appellant assigns error upon the alleged misconduct of the prosecuting attorney, sanctioned by the trial court. Appellant's counsel repeatedly objected to testimony referring to the use of intoxicating liquor, basing the objection upon the grounds that the appellant had been acquitted of the charge of driving while intoxicated, in the former trial.

"MR. BOND: My objection is, and I want the record clear on that, it is simply not only too remote but there are no allegations in the charge and for the further reason he is not being tried on that charge. He has been duly tried on that and acquitted by a jury."

Doubtless goaded by this repetition, the prosecuting attorney interjected:

"The truth of the matter is he was convicted on one charge and acquitted on the other. MR. BOND: I object to the remarks of the County Attorney. THE COURT: Objection overruled, he was convicted on the charge of reckless driving. MR. BOND: I object to your honor's statement. It is not competent here. I was making my record, which I have a right to do, and any remarks from the witness or County Attorney are not competent. I except to the court's remark. MR.

O'PHELAN: Well, why tell them about it? THE COURT: Exception noted. I think they are both in evidence. It can't very well be kept from the jury. One was a conviction and the other an acquittal and there is not much use to try to keep it from the jury. It don't do any good. I don't think there is any dispute on these facts."

If error, the remarks of the prosecutor and court were invited by appellant's counsel. With the trial court, we are unable to see that the appellant was in any way prejudiced. The information charging appellant with the two counts was in the record. The court instructed the jury that the appellant had been acquitted on the first charge, and it was not to be considered. The jury would know that he was not acquitted on the second count; otherwise there would be no case for his second trial. The repeated objections of the appellant and the colloquy of counsel tended, as the court thought, to confuse the jury, and he was justified in putting the matter before them clearly. The record discloses that the trial was conducted by the court with due regard to the appellant's rights, and we are justified in assuming that he was warranted by the circumstances in making the explanation.

In the trial below, the appellant challenged the jurisdiction of the court for the reason that a criminal action, instituted against him before a justice of the peace for reckless driving, had not been certified to the superior court and was, therefore, pending before the justice. This contention is based upon the rule that justices of the peace are given concurrent jurisdiction with superior courts over misdemeanors; and that, in the absence of a statute giving one or the other of the courts exclusive jurisdiction, the one first assuming jurisdiction is entitled to exercise it to the exclusion of the other. *State ex rel. Murphy v. Taylor,*

101 Wash. 148, 172 Pac. 217; *State ex rel. Harger v. Chapman,* 131 Wash. 581, 230 Pac. 833.

It appears from the record that separate criminal complaints were lodged against the appellant in the justice court of Long Beach, Pacific county, on July 24, 1933—one for driving while under the influence of intoxicating liquor, the other for reckless driving. The proceedings of the justice court, as found in the record here, show an order by the justice of the peace reciting the issue of a warrant and the arrest of appellant for reckless driving, the setting of bail in the sum of fifty dollars, and that

"Above case came on for hearing this 27th day of October and the defendant was bound over to the Superior Court under $300.00 cash bond. See case preceding this one for particulars.
"(signed)   E. H. Wright, J. P."

The preceding case referred to was the one in which appellant was charged with driving while intoxicated. The order in that case recited the arrest of appellant for the offense charged, the placing of appellant under $250 bail for his appearance, and that the case

". . . came on for hearing this date and C. B. Strauhal appeared and was sworn as a witness for the state. No other witnesses appearing, and the defendant was bound over to the Superior Court in $300.00 cash bond which was this date mailed the Clerk of the Superior Court at S. Bend, Wash.
"(signed)   E. H. Wright, J. P."

The $300 cash bond remitted to the clerk of the superior court was evidently the aggregate of the separate $250 and $50 bonds, referred to in the orders. The reference in the order disposing of the reckless driving charge, "See case preceding this one for particulars," was obviously intended to show the relation of the two cases and particularly explain the $300 cash

bond, since there was only one cash bond, in that sum, transmitted to the clerk to cover both cases.

It appears that, while a commitment in the intoxication case was transmitted to the superior court, no part of the record in the reckless driving case was transmitted until February 9, 1934. The order shown in the justice court records recites that the defendant was bound over to the superior court on October 27, 1933. The information on which the appellant was tried was filed October 31, 1933. In a memorandum opinion signed by the trial court, in passing upon motions in arrest of judgment and for new trial after return of the jury's verdict in the first trial in the superior court, the court expressed the opinion that, since the record in the reckless driving case had not been transmitted to the superior court, it did not have jurisdiction, and announced that he would grant the motion in arrest of judgment and dismiss the case against the defendant. He evidently came to a different conclusion later, although no other opinion is found in the record, because he denied the motion in arrest of judgment but granted a new trial.

We are of the opinion that appellant's objection to the jurisdiction of the court is without merit. It is undisputed that the justice of the peace made an order binding appellant over to the superior court, thereby divesting himself of jurisdiction. Having made such final order, the failure of the justice to transmit the papers in proper order to the superior court was the neglect of a ministerial duty, which could not defeat the jurisdiction of the superior court.

In addition to a jail sentence, by the judgment of the trial court, the appellant was required to pay all costs of prosecution for both the first and second trials. In the court below, the appellant filed a motion to strike all the costs of the first trial. This the court

refused to do, except as to two small items. This is assigned as error. Apart from the small items of cost which the court struck, the costs in the first trial, mostly the per diem and travelling expenses of witnesses, would have been the same if appellant had been tried on the single count of reckless driving. Upon his conviction, he moved for, and obtained, a new trial, and was convicted upon the second trial. It is proper that the costs should abide the ultimate outcome of the prosecution, and the court's ruling should stand.

Finding no error in the record, the judgment of the trial court is affirmed.

MAIN, TOLMAN, BEALS, and STEINERT, JJ., concur.

