[No. 19838–6–I.   Division One.   May 4, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. DANIEL JOSEPH AMURRI, *Appellant.*

*Anna–Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Todd DeGroff, Deputy,* for respondent.

PEKELIS, J.—Daniel J. Amurri appeals his conviction for reckless driving in violation of RCW 46.61.500(1), alleging that there was insufficient evidence to establish either that charge or the lesser included offense of negligent driving. We affirm.

At 5:45 p.m. on March 23, 1986, on which date Amurri was age 15 years 10 months, Officer Miller of the City of

Kent police department was traveling eastbound on James Street in Kent when he observed two westbound vehicles. James is an unimproved road with a gravel– and oil–based surface, and is the equivalent of about 1½ lanes westbound and 1 lane eastbound. The westbound shoulder is gravel, less than 2 feet wide, and opens into a ditch approximately 3 feet or more deep. It was raining and the streets were wet.

Miller observed that the second vehicle, which was driven by Amurri, was gaining on the first vehicle. Miller then observed Amurri's vehicle suddenly pass the other on the right by driving around onto the narrow shoulder. Miller clocked Amurri's vehicle at 45 m.p.h. during this maneuver, which he feared would cause Amurri's vehicle either to go into the ditch or to skid into the vehicle that was being passed. The posted speed limit was 35 m.p.h. Miller made a U–turn, pursued Amurri's vehicle, and observed it attempt a left turn at the next intersection approximately 100 yards further down the road. The vehicle did not complete the left turn, but went diagonally across the intersection and into an open ditch on one corner of the intersection. The property alongside the roadway in the area in which the right–hand pass occurred was undeveloped, and the property in which the car came to rest in the ditch was either a vacant lot or part of the grounds of an apartment complex.

Miller positioned his vehicle so as to protect Amurri's vehicle from any oncoming traffic before approaching Amurri. Upon opening the driver's door, Miller detected an obvious odor of intoxicants coming from inside the vehicle and from Amurri himself. Amurri spontaneously admitted to the officer that he had no license and stated in response to questioning that the car was his mother's and she did not know he was driving it.

At the station house, after being read and waiving his *Miranda* rights, Amurri stated that he had been drinking beer since the morning of the previous day, had been partying all night, had only slept 3 or 4 hours that day, and

felt affected by what he had had to drink. Upon administering field sobriety tests, it was Miller's opinion that Amurri's driving had been affected by his inexperience, his lack of sleep, and the alcohol he had consumed.

Defense counsel moved at the close of the State's case to dismiss the charge of reckless driving. The motion was denied, and the defense rested without presenting any evidence. Amurri was found guilty as charged.

■ Appellant contends first that the evidence was insufficient to support the court's finding that Amurri was guilty of reckless driving. The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Italics omitted.) *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)). This standard has been continually reaffirmed. *See, e.g., State v. Aver*, 109 Wn.2d 303, 310–11, 745 P.2d 479 (1987).

The crime of reckless driving is defined in RCW 46.61-.500(1) which provides: "Any person who drives any vehicle in wilful or wanton disregard for the safety of persons or property is guilty of reckless driving." The mental state of "wanton and willful disregard" may be proven by inference from the defendant's conduct, but the defendant may rebut that inference. *See State v. Sherman*, 98 Wn.2d 53, 59 & n.3, 653 P.2d 612 (1982).

■ Driving an automobile under the influence of intoxicants does not, in and of itself, constitute reckless driving. *State v. Birch*, 183 Wash. 670, 673, 49 P.2d 921 (1935). However, evidence of consumption of alcohol is relevant to proving the charge. Whether the alcohol influenced the driving is an issue for the fact finder to resolve. *State v.*

*Travis,* 1 Wn. App. 971, 974, 465 P.2d 209 (1970). Exceeding the speed limit, on the other hand, is prima facie evidence of reckless operation of a motor vehicle. RCW 46.61.465.[1]

Nevertheless, Amurri argues that the State failed to make out a case for reckless driving since there was no evidence that his actions were so egregious that they created a probability that serious injury would result to the driver he passed or to that vehicle. His argument is based on his assumption that the words "safety of persons or property" require a finding of risk to others. He contends that since there was no risk posed to others by his driving, there is no basis from which to infer the necessary mental state.[2]

██ However, the plain language of the statute does not require disregard for *others'* safety, and no Washington decision has ever adopted this interpretation. Furthermore, the legislative history of our reckless driving statute supports a conclusion contrary to Amurri's. Under a former

---

[1] Amurri relies heavily on cases from other jurisdictions that do not have such a statutory presumption. *See, e.g., State v. Lemoine,* 403 So. 2d 1230, 1233 (La. 1981).

[2] In making this argument, Amurri relies on *Burgess v. State,* 212 Tenn. 315, 369 S.W.2d 731 (1963). In *Burgess,* under an identical reckless driving statute, the court held that the state must show "disregard for *another's* rights, with the consciousness that the act or omission to act may result in injury to *another.'*" (Italics ours.) *Burgess,* at 320 (quoting *Inter–City Trucking Co. v. Daniels,* 181 Tenn. 126, 178 S.W.2d 756, 757 (1944), which in turn quoted *Stagner v. Craig,* 159 Tenn. 511, 19 S.W.2d 234, 236 (1929), the first opinion to use that language). This statement in *Burgess* seems to have evolved from Tennessee authority interpreting a *prior* Tennessee traffic statute that did refer to the "safety *of others.*" (Italics ours.) *See Consolidated Coach Co. v. McCord,* 171 Tenn. 253, 102 S.W.2d 53, 55 (1937) (citing with approval *Stagner v. Craig, supra*).

statute, it was necessary to show that the defendant was driving "in such manner as to endanger or inconvenience unnecessarily *other users* of such highway". (Italics ours.) *Birch,* 183 Wash. at 674 (Laws of 1927, ch. 309, § 45). In 1937, the Legislature amended that language, introducing the phrase "willful or wanton disregard for the safety of persons or property",[3] and eliminating the reference to "other users." *See* Laws of 1937, ch. 189, § 118. Since the prior statute was unambiguous on this point, the Legislature's amendment represents an intent to effect a material purpose. *See Johnson v. Continental West, Inc.,* 99 Wn.2d 555, 559, 663 P.2d 482 (1983); *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 134, 587 P.2d 535 (1978). We therefore reject Amurri's contention and hold it is not necessary to show that *other* persons or property were put at risk to sustain a conviction for reckless driving.

In summary, there is sufficient evidence to show that Amurri's actions demonstrated willful or wanton disregard for the safety of persons or property. Viewing the evidence in the light most favorable to the State, Amurri exceeded the speed limit while passing a vehicle on the right, on a wet, narrow, gravel shoulder. This is prima facie evidence of reckless operation of a motor vehicle. RCW 46.61.465. Moreover, Amurri drove knowing that he was affected by alcohol, knowing that he had no license to drive and was inexperienced, and knowing that he had had little sleep the previous night.

This evidence established a prima facie case of reckless driving and an inference of the mental state of willful and

---

[3]This language has survived a number of amendments, repeals, and reenactments affecting other parts of the statute.

268

wanton disregard which the defendant failed to rebut. Thus, the conviction is affirmed.[4]

SCHOLFIELD, C.J., and WINSOR, J., concur.

---

[4]Amurri also argues that the evidence in this case was not sufficient to convict him of the lesser included charge of negligent driving under RCW 46.61.525. No such argument was made at trial; in fact, Amurri's counsel argued that he *should* be convicted of the lesser charge. In any case, in view of the analysis above, it is unnecessary to reach this issue.