# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1997

FILED

September 15, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9702-CC-00070 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | LAUDERDALE COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH H. WALKER |
| RONALD MITCHELL, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Felony Drugs, Reckless Driving) |

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF LAUDERDALE COUNTY

FOR THE APPELLANT:

GARY F. ANTRICAN
District Public Defender

JULIE PILLOW
Assistant Public Defender
131-A Industrial Road
Covington, TN 38019

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

ELIZABETH T. RYAN
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

ELIZABETH RICE
District Attorney General

MARK DAVIDSON
Assistant District Attorney General
Criminal Justice Building
Post Office Box 509
Ripley, TN 38063

OPINION FILED _____

AFFIRMED IN PART; REVERSED IN PART

DAVID H. WELLES, JUDGE

# <u>OPINION</u>

The Defendant, Ronald C. Mitchell, appeals as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure. He was convicted by a Lauderdale County jury of possession of over .5 grams of cocaine with intent to deliver, driving on a revoked license, reckless driving and evading arrest. He was sentenced as a Range II offender to 14 years for the conviction for possession of cocaine, 11 months and 29 days for evading arrest, 6 months for driving on a revoked license, and 6 months for reckless driving. All sentences were ordered to run concurrently with each other but consecutively to sentences the Defendant was serving for prior convictions. The Defendant challenges his conviction for possession of cocaine over .5 grams, contending (1) That the trial court erred by allowing testimony regarding a pager and cash seized from his person during his arrest; and (2) that the trial court erred in allowing a witness to testify using his notes. The Defendant also asserts that the evidence was insufficient to support the convictions for possession of cocaine and reckless driving. We affirm the judgment in part and reverse and dismiss the conviction for reckless driving.

The State presented the following evidence at trial. On the night of April 3, 1996, Officer Steve Jackson of the Henning Police Department set up a radar patrol on Highway 209, a two-lane road in Lauderdale County. The officer was facing northbound and observed the Defendant's vehicle traveling southbound on the highway. The vehicle appeared to be moving at a high rate of speed and it passed another vehicle. The radar reflected that the Defendant's vehicle was

traveling at seventy-seven miles per hour. The officer turned on his emergency lights and followed the Defendant in order to pull him over. The Defendant was driving a 1975 Buick Electra with a tag number of 126-KTW. The officer followed the Defendant only a short distance from where he had set up his radar. The Defendant pulled into a driveway of a private home. The officer saw the Defendant leave the driver's side of the vehicle and flee on foot heading north.

Officer Jackson chased the Defendant on foot through a wooded area. The officer called for backup. He had briefly lost sight of the Defendant when he observed him in a creek bed. When the officer went to the area, he saw the Defendant lying on the ground on his back on an embankment. The officer approached the Defendant. He ordered the Defendant to place his hands behind his neck and to roll over onto his stomach. Instead, the Defendant got up and walked towards the officer. The officer continued to order the Defendant to lie down and when he was around six feet away, Officer Jackson sprayed the Defendant with pepper spray. The Defendant then complied and was handcuffed.

Backup officers arrived at the scene and assisted with the arrest. Officer Jackson conducted a pat-down search and discovered in the Defendant's shirt pocket what he described as a clear plastic bag containing an off-white chunky substance that appeared to be crack cocaine. He also seized a pager and $203.72 in cash. The Defendant was agitated and upset and appeared to resist being taken back to the cruiser. The Defendant's girlfriend, Felicia Sanders, was also present after the Defendant was arrested. It was determined that the vehicle the Defendant was driving belonged to Ms. Sanders. The officers conducted a

search of the vehicle, which revealed no other evidence.  The Defendant was transported to the Lauderdale County Justice Center.  The substance in the plastic bag was field tested, revealing it to be cocaine.  The cocaine was shipped to the T.B.I. laboratory in Jackson, Tennessee to be tested.  The T.B.I. confirmed that the substance was cocaine in the amount of 1.1 grams.

The Defendant presented evidence that he was out that night on an errand for his girlfriend.  He was at her house that evening.  Ms. Sanders testified that she sent the Defendant to Wal-Mart to get some diapers for their baby.  Later that evening, Sanders heard the Defendant pull into the driveway, but she did not see any emergency lights indicating that a police vehicle was present.  She went outside and saw her vehicle, which the Defendant had been driving, in the driveway with the door open and the lights on.  She took the diapers out, turned off the lights and locked the doors.  After a few minutes, she saw the Defendant and the officers.

The Defendant testified at trial.  He stated that he went to Wal-Mart to get diapers between 10:00 and 10:30.  He returned on Highway 209 and saw a police car behind him.  He did not see emergency lights being displayed.  The cruiser did not enter the driveway behind him when he turned, but turned around in the next driveway.  The Defendant asserted that he thought it was Officer Jackson so he ran because he knew his license was canceled and stated that, in the past, Officer Jackson had stopped him for no reason and threatened him.  He ran into a wooded area near the house.  After reaching the creek bed, he noticed the lights from several flashlights and felt relieved that other officers were there.  He began walking toward Officer Jackson to turn himself in.  He then sat down

because he was tired. The Defendant also testified that Officer Jackson had his gun drawn and sprayed the pepper spray while the Defendant was lying on the ground. He was handcuffed and led up the embankment, but could not see because of the spray.

The Defendant asserted that he was never searched and did not possess drugs. He admitted to having a pager so his girlfriend could reach him and he had approximately $200 earned from cutting hair, mowing lawns and washing cars. He also noted that he could not have been driving at seventy-seven miles per hour and still turn into the driveway.

The Defendant was charged with possession of cocaine over .5 grams with intent to deliver, driving on a revoked license, evading arrest, reckless driving and possession of drug paraphernalia. The State later dropped the charge for possession of drug paraphernalia. The Defendant was tried and a jury found him guilty on all counts.

In his first issue for our review, the Defendant contends that the trial court erred by admitting Officer Jackson's testimony regarding a pager and cash seized from the Defendant's person during his arrest. He asserts that the State failed to provide notice of this evidence prior to trial and this failure constitutes a violation of Rule 16 of the Tennessee Rules of Criminal Procedure. The trial court issued a pretrial order on June 4, 1996, ordering discovery pursuant to Rule 16. In addition, the Defendant filed a pretrial motion requesting notice of the State's intention to use evidence that would be a subject for suppression pursuant to Rule 12(d)(2) of the Tennessee Rules of Criminal Procedure. The

State gave the Defendant no notice of the existence of the pager or the cash as evidence prior to the witness' testimony.

Rule 16(a)(1)(C) provides that upon the defendant's request, the State shall allow inspection and copying or photographing of "books, papers, documents, photographs, tangible objects which are within the possession, custody or control of the State, and which are material to the preparation of the defendant's defense or are intended for use by the State as evidence in chief at the trial, or were obtained from or belong to the defendant." Tenn. R. Crim. P. 16(a)(1)(C). Clearly, although the State had not intended to use the pager and cash in its case in chief when defense counsel made the request, the State was compelled under Rule 16(a)(1)(C) to provide them to the Defendant as "material to the preparation of the defendant's defense" or simply because they were "obtained from or belonged" to the Defendant. Therefore, we find that the failure to disclose or produce the evidence in question was a Rule 16 violation. Moreover, the trial court erred by simply overruling the Defendant's objection without addressing the discovery violation.

The State counters that the failure to provide notice to the Defendant occurred because of a misunderstanding. The State alleges that the information was provided in the list of inventory on the warrant which was returned to the Defendant. Also, the State was under the impression that the pager and cash were discussed at the preliminary hearing, although the State now concedes that no such evidence exists in that record. This does not excuse the State's failure to comply because the burden is on the State, regardless of what it thinks the Defendant is aware of, to assure that discovery is provided.

The Defendant asserts that exclusion of the evidence is now the only remedy available to ensure a fair trial. However, prohibiting the introduction of evidence is not the exclusive means to remedy failure to comply with a Rule 16 violation. Considering that the failure to produce the pager and cash was a violation of Rule 16, the trial court had the discretion to order whatever remedy that was just under the circumstances. Tenn. R. Crim. P 16(d)(2). This includes a brief continuance to conduct a suppression hearing to determine the admissibility of the evidence or to allow the Defendant time to inspect the evidence and formulate a responsive strategy. The Defendant has asserted that the State's failure to provide the evidence was prejudicial to his case because the admission of testimony regarding the pager and cash established a required element of intent to sell the cocaine. A defendant must demonstrate actual prejudice from the State's failure to provide evidence pursuant to a discovery request. State v. Garland, 617 S.W.2d 176, 185 (Tenn. Crim. App. 1981); State v. Briley, 619 S.W.2d 149, 152 (Tenn. Crim. App. 1981). In considering discovery violations, the important inquiry is what prejudice has resulted from the discovery violation, not simply the prejudicial effect the evidence, otherwise admissible, has on the issue of a defendant's guilt. See, e.g., State v. Cottrell, 868 S.W.2d 673, 677 (Tenn. Crim. App. 1992); Garland, 617 S.W.2d at 186.

At trial, although defense counsel objected to the witness' testimony, there was no request for Rule 16 sanctions, such as a continuance. See State v. Baker, 751 S.W.2d 154, 160 (Tenn. Crim. App. 1987). Furthermore, we cannot speculate about the merits of a motion to suppress the pager and the cash. The Defendant has not provided even a suggestion that the evidence was obtained

from an illegal search or that the evidence was in any way inadmissible. Here, we cannot conclude that the trial judge abused his discretion by admitting the evidence. After considering the entire record in the case <u>sub</u> <u>judice</u>, we are satisfied that any error made concerning the discovery violation was harmless. T.R.A.P. 36(b); Tenn. R. Crim. P. 52(a).

In his second issue, the Defendant contends that the trial court erred by allowing a witness to retain his notes while testifying at trial. Officer Jackson testified at trial regarding the Defendant's actions concerning the charges against the Defendant. The record reflects that, as Officer Jackson began testifying regarding April 3, 1996, defense counsel objected that he appeared to be reading from his notes. Specifically, counsel charged that a proper foundation had not been established to support the witness' testifying from his notes. The trial court overruled the objection and instructed the witness to use the notes to refresh his memory. The State offered that defense counsel could examine the document and cross-examine the witness regarding its contents. The trial court clarified that the witness could use the notes to refresh his memory only in response to questions, but allowed him to keep the notes with him while on the stand. The Defendant now argues that the trial court was confused as to the applicable law and its decision to allow the witness to retain his notes amounts to prejudicial error.

The rules of evidence provide that "hearsay is not admissible except as provided by these rules or otherwise by law." Tenn. R. Evid. 802. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."

Tenn. R. Evid. 801(c).  There are, of course, numerous exceptions to the general rule of exclusion of hearsay.  <u>See</u> Tenn. R. Evid. 803(1.1) through (25), 804, and 805.  The exception for Recorded Recollection under Rule 803(5) is as follows:

> (5) Recorded Recollection.  A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly.  If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Recorded Recollection is used in lieu of a witness' testimony when that witness cannot recall the event in any meaningful way.  Neil P. Cohen et. al., Tennessee Law of Evidence § 803(5).1 (3d ed. 1995).

A writing used to refresh one's memory is not a hearsay exception, but rather a means to facilitate a witness' testimony when he or she cannot completely remember the details of an event.  <u>See</u> Tenn. R. Evid. 612.  When a witness' memory is refreshed, the adverse party may inspect the writing, cross-examine the witness and introduce portions into evidence.  Tenn. R. Evid. 612.  The Advisory Commission Comments to Rule 612 suggest guidelines by which a witness may refresh her memory:  "The direct examiner should lay a foundation for necessity, show the witness the writing, take back the writing, and ask the witness to testify from refreshed memory."

In the case at bar, Officer Jackson began by reading his notes and defense counsel objected that a proper foundation had not been established, i.e. that the witness could not remember.  He continued to testify from his notes in response

to questions and was permitted to keep them with him on the stand. He did say, at times, that he would have to refer to his notes. Yet, because the notes were not taken back, there appears to have been error by the manner in which they were used. See State v. Dishman, 915 S.W.2d 458, 461 (Tenn. Crim. App. 1995). We believe, however, any error was clearly harmless in the context of the entire record.

In his last issue, the Defendant contends that the evidence was insufficient to support his convictions for possession of cocaine with intent to deliver and reckless driving. When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of

illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

The Defendant argues that the evidence was insufficient to prove the essential element of the intent to sell or deliver regarding his possession of cocaine. The offense of which he was convicted requires that one knowingly "[p]ossess a controlled substance with intent to manufacture, deliver or sell such contraband substance." Tenn. Code Ann. § 39-17-417(a)(4). Possession of cocaine over .5 grams is a Class B felony. Tenn. Code Ann. § 39-17-417(c)(1). Furthermore, "[i]t may be inferred from the amount of a controlled substance . . . along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." Tenn. Code Ann. § 39-17-419.

The proof in the record establishes that the cocaine found on the Defendant was in the amount of 1.1 grams. It was in the form of one large rock contained within one plastic bag. The T.B.I. laboratory technician testified that the 1.1 grams was eleven times the usual amount she tests, although she has seen greater amounts of cocaine. A pager and over $200 cash was seized during the arrest. The Defendant explained that he had the pager so Ms. Sanders could contact him. He also explained that he earned the cash doing odd jobs, but that he was not regularly employed at the time of his arrest.

The jury was permitted to consider both the amount of the cocaine and the fact that the Defendant had a pager and cash on his person. The circumstances

-11-

surrounding the arrest may carry as much weight as the quantity possessed in authorizing the jury to draw the inference of intent to sell a controlled substance. State v. Bledsoe, 626 S.W.2d 468, 469 (Tenn. Crim. App. 1981). The possession of a pager and cash simultaneously with a large amount of controlled substance is such an example. See State v. Robert Lee Moore, C.C.A. No. 02C01-9502-CC-00038, Madison County (Tenn. Crim. App., Jackson, Oct. 4, 1995), perm. to appeal denied (Tenn. 1996); State v. Reginald T. Smith, C.C.A. No. 02C01-9204-CR-00097, Shelby County (Tenn. Crim. App., Jackson, Feb. 17, 1993). Likewise, the jury here could have reasonably concluded that the Defendant possessed the cocaine in question with the intent to sell.

The Defendant also argues that the evidence was insufficient to convict him of reckless driving. The applicable statute states that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." Tenn. Code. Ann. § 55-10-205. A defendant manifests willful or wanton disregard who willfully breaches a duty in a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." State v. Wilkins, 654 S.W.2d 678, 679 (Tenn. 1983)(citing Burgess v. State, 369 S.W.2d 731, 733, 212 Tenn. 315 (1963)). Exceeding the speed limit has been considered reckless driving under certain circumstances when a defendant drove 120 miles per hour on a highway with hills and curves. See id.. It is for the trier of fact to determine whether a defendant's operation of a vehicle constitutes a willful and wanton act considering all the circumstances. Id.; see State v. Eddie Jake Mysinger, C.C.A. No. 314, Greene County (Tenn. Crim. App., Knoxville, Mar. 14, 1990)(the defendant's approximate speed was 106 m.p.h. and he crashed into another

vehicle, killing the occupant);  State v. Rita Marie Russell, C.C.A. No. 158, Anderson County (Tenn. Crim. App., Knoxville, Apr. 2, 1986)(The defendant passed four vehicles and forced a vehicle nearly off the road).

Here, the Defendant was clocked going seventy-seven miles per hour when the posted speed limit was fifty miles per hour. The roadway was straight and flat.  It was late at night, and he passed another vehicle.  Shortly thereafter, he turned into his girlfriend's driveway.  The primary evidence which could be considered as reckless driving was driving seventy-seven miles per hour.  After carefully reviewing the evidence in this case in the light most favorable to the State, we conclude that the evidence is insufficient to support a verdict of guilt for reckless driving.   Therefore, we reverse and dismiss the charge for reckless driving.

Accordingly, the reckless driving conviction is reversed and that charge is dismissed.  In all other respects, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

-14-

_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE