IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 10, 2007

## STATE OF TENNESSEE v. JAMES KELLEY

**Appeal from the Criminal Court for Shelby County**
**No. 05-06361     John P. Colton, Judge**

_____

**No. W2006-01298-CCA-R3-CD   -   Filed July 17, 2007**

_____

The defendant, James Kelley, was convicted of reckless driving, a Class B misdemeanor, at a bench trial in the Shelby County Criminal Court.  He was given a six-month sentence, of which he was ordered to serve thirty days in the workhouse.  He appeals, claiming the evidence is insufficient to support his conviction.  We disagree and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Brett B. Stein, Memphis, Tennessee, for the appellant, James Kelley.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; William L. Gibbons, District Attorney General; and Kirby May, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner's conviction arises from his driving, which culminated in a late night traffic stop and arrest on charges of driving under the influence and reckless driving.  Officer Mark Molina of the Germantown Police Department testified that he was on patrol at approximately 1:50 a.m. on May 7, 2005, when he saw a white truck make a wide turn, swerve, and almost hit the curb two times.  He saw the truck cross the dotted white line between lanes.  He testified that after seeing this, he activated his car video camera system.  He followed the truck and saw it being driven erratically.  He said he observed the truck make another wide right turn that did not correspond to the lane in which it had been traveling and then nearly strike the center median twice.  He also saw the truck cross the center line in a construction zone.  He said that he stopped the truck, which was being driven by the defendant.  He said that when he activated his blue lights, the defendant slowed the truck and stopped abruptly.  He said that he could smell alcohol on the defendant and that the defendant had bloodshot eyes and slurred and delayed speech.  He said the defendant initially denied

but later admitted that he had been drinking alcohol. He said the defendant was unsteady on his feet and performed poorly on field sobriety tests. He said he suspected that the defendant was intoxicated. He said the defendant declined to submit to a breathalyzer test. Officer Molina identified a map and marked on it the locations at which he had observed various aspects of the defendant's driving.

The state introduced the videotape made by Officer Molina. On the tape, a white truck is recorded driving in a manner generally consistent with Officer Molina's testimony about turning and swerving. The tape reflects that the truck was weaving in its lane and crossing over the lines on the roadway. No cars are visible in oncoming traffic in the videotape, and the defendant did not strike any of the temporary markers when driving in the construction zone. There is no obvious excessive speed reflected in the video.

The defendant did not offer proof at his trial. Sitting without a jury, the trial court found the defendant guilty of reckless driving and not guilty of driving under the influence.

The only issue before us is the sufficiency of the convicting evidence. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). However, when a trial court bases its findings of fact on evidence that does not involve an issue of credibility, such as a videotape, this court may review that evidence de novo. State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000).

"Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." T.C.A. § 55-10-205. Willful or wanton disregard for safety is a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." State v. Wilkins, 654 S.W.2d 678, 679 (Tenn.1993) (citing Burgess v. State, 212 Tenn. 315, 369 S.W.2d 731, 733 (1963)). Willful and wanton disregard is determined from the circumstances of the case. See id. at 680.

In the present case, the evidence reflects that Officer Molina observed the defendant's driving for approximately one and one-half miles on roadways in Germantown. The officer described one of the roads on which he followed the defendant for approximately a mile as a "four lane municipal route." The defendant repeatedly strayed from his lane of the road. Although the trial court found the defendant not guilty of driving under the influence, there is sufficient proof that the defendant's driving was impaired to some extent by consumption of alcohol given the video evidence depicting his driving and the evidence of his poor performance on the field sobriety tests, his unsteadiness, and his slurred speech.

-2-

The defendant claims that the state's case must fail because there was no proof of other traffic. The statute requires driving which is in "willful or wanton disregard for the safety of persons or property." T.C.A. § 55-10-205. The defendant's actions took place on public roadways. He drove through a construction zone, where the lanes of traffic were redirected with barrels. The defendant's actions were not isolated; they were part of a continuing course of conduct over a distance of approximately one and one-half miles until they were terminated by Officer Molina's traffic stop of the defendant. The defendant had the obligation to operate his truck safely on a public roadway. At a minimum, the defendant created a danger to property by erratically driving through the construction zone where barrels were in use. Given his repeated erratic actions while driving and his impairment from alcohol at the time, we conclude that the defendant's actions were in willful or wanton disregard for the safety of others or property.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE