2014 NOV 17 AM 9: 48



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                 Respondent,<br><br>v.<br><br>REINHARD GEORG WYSGOLL,<br><br>                 Appellant. | No. 71202-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: November 17, 2014 |

LEACH, J. — Reinhard Wysgoll pleaded guilty to attempting to elude a pursuing police vehicle. He appeals the sentencing court's calculation of his offender score, arguing that two prior convictions for driving under the influence (DUI) and reckless driving constitute the same criminal conduct. Because the DUI and reckless driving offenses occurred at the same time and place and Wysgoll had the same objective criminal intent, with the same victims, Wysgoll's DUI and reckless driving offenses constitute the same criminal conduct. Thus, the sentencing court miscalculated Wysgoll's offender score by counting the offenses separately. We remand for resentencing consistent with this opinion.

## Background

On October 21, 2013, Reinhard Wysgoll pleaded guilty to attempting to elude a pursuing police vehicle on August 4, 2013. The State calculated Wysgoll's offender score as 8 based on his prior convictions, resulting in a 17-22 month standard sentence range. Wysgoll argued the trial court should treat two of his prior offenses for DUI and

reckless driving as the same criminal conduct, resulting in the lower offender score of 7, producing a lesser 14-18 month standard sentence range.

Wysgoll's earlier offenses stemmed from events on December 14, 2012. At about 11:46 p.m., Officer Lee and Officer Elias responded to a private citizen's report of a suspicious occupied running vehicle. The citizen observed the occupants "doing something with a gas can that is in the back seat." Officer Elias saw the occupants "hunkered down as if hiding," so he turned his spotlight on the two people in the vehicle. Elias later identified the driver as Wysgoll. Wysgoll looked around and rapidly reversed the vehicle over a curb and into a large retaining wall. He then drove the car forward, nearly striking Elias's patrol car. He rapidly reversed into the retaining wall a second time and scraped against the side of the wall as he drove 200 feet in reverse. The vehicle hit the curved part of the wall, ricocheted forward, and struck Elias's patrol car. Wysgoll attempted to drive forward to get distance from the wall so he could reverse his vehicle a third time, but Elias's car was too close. Elias detained Wysgoll and his passenger.

Officers administered tests and determined Wysgoll was impaired by drug use. They found "baggies" of suspected narcotics in the vehicle and a significant amount of cash on Wysgoll's person. Wysgoll's passenger struck her head when Wysgoll backed the vehicle into the retaining wall.

At sentencing for the current offense, defense counsel argued that because the prior DUI and reckless driving charges were the same criminal conduct, Wysgoll's

offender score should be 7. The sentencing court found, however, that the two 2012

offenses were separate criminal conduct:

> Okay. Thank you. Well, you know, this is one of those things where I read the briefs and I thought, well, truly somebody has entered this question now—by now, and I got as far as seeing that it is—this issue is in front of the Court of Appeals, Division I, currently, but they're still briefing—somebody's brief is due next week.
> So, absent any guidance from them, I—I am not going to find that it's the same criminal conduct because I—I don't think it has the same purpose or intent. And so I think Mr.—so I am finding that Mr. Wysgoll is an 8, that his standard range is 17 to 22 months.

The court added a point for each prior offense to Wysgoll's offender score and

imposed a residential Drug Offender Sentencing Alternative (DOSA) at Wysgoll's

request. Noncompliance with DOSA's requirements could result in Wysgoll's total

confinement for the time equal to one-half the midpoint of the standard sentence range.

Wysgoll appeals.

## Analysis

Wysgoll challenges the trial court's calculation of his offender score. Wysgoll

claims that his DUI and reckless driving offenses constitute the "same criminal conduct,"

which would result in an offender score of 7. The State asserts that the trial court

correctly calculated Wysgoll's offender score at 8 because the two offenses did not

involve the same objective intent or the same victims.

A defendant can overcome a presumption that each conviction counts separately

for offender score purposes[1] by establishing that two or more convictions constitute the

---

[1] State v. Aldana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013).

same criminal conduct.[2] A sentencing court makes this determination by using the "same criminal conduct" analysis prescribed by RCW 9.94A.589(1)(a).[3] This analysis requires the court to ask if "two or more crimes . . . require the same criminal intent, are committed at the same time and place, and involve the same victim."[4] If the defendant fails to prove any element of this test, the court will count the offenses separately.[5] To apply the statute, a trial court makes factual determinations and exercises its discretion.[6]

A sentencing court may not impose a sentence based on a miscalculated offender score, and we review this calculation de novo.[7] However, we review a trial

---

[2] Aldana Graciano, 176 Wn.2d at 539 (citing State v. Lopez, 142 Wn. App. 341, 351, 174 P.3d 1216 (2007)); In re Pers. Restraint of Markel, 154 Wn.2d 262, 274, 111 P.3d 249 (2005).

[3] RCW 9.94A.525(5)(a)(i) directs the court to compute an offender score for multiple prior convictions under RCW 9.94A.589(1)(a) and provides in pertinent part:

> In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>
> (i) Prior offenses which were found, under RCW 9.94A.589(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently or prior juvenile offenses for which sentences were served consecutively, whether those offenses shall be counted as one offense or as separate offenses using the "same criminal conduct" analysis found in RCW 9.94A.589(1)(a), and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used. The current sentencing court may presume that such other prior offenses were not the same criminal conduct from sentences imposed on separate dates, or in separate counties or jurisdictions, or in separate complaints, indictments, or informations.

[4] RCW 9.94A.589(1)(a).

[5] Aldana Graciano, 176 Wn.2d at 540 (citing State v. Maxfield, 125 Wn.2d 378, 402, 886 P.2d 123 (1994)).

[6] State v. Nitsch, 100 Wn. App. 512, 523, 997 P.2d 1000 (2000).

[7] State v. Johnson, 180 Wn. App. 92, 99-100, 320 P.3d 197, review denied, 181 Wn.2d 1003 (2014).

court's determination of same criminal conduct for abuse of discretion or misapplication of the law.[8] We generally construe the same criminal conduct provision narrowly.[9] We will not disturb the trial court's decision unless it made a manifestly unreasonable decision or based it on untenable grounds or reasons.[10]

Here, Wysgoll must show the sentencing court abused its discretion or misapplied the law. The parties do not dispute that the DUI and reckless driving offenses occurred at the same time and place. Therefore, we must decide if the objective intent of the defendant changed from one offense to the other.[11] To make this determination, we look to "whether one crime furthered the other and if the time and place of the two crimes remained the same."[12] We find relevant an analysis of whether "numerous offenses [were] committed as part of a scheme or plan."[13] Courts also look at "how intimately related the crimes committed are, and whether, between the crimes charged, there was any substantial change in the nature of the criminal objective."[14]

Wysgoll argues that because "both crimes were part of the same episode and involved the same objective—to get away from the responding officer," the court erred when it did not find the same objective criminal intent for DUI and reckless driving. The

[8] Aldana Graciano, 176 Wn.2d at 536.

[9] State v. Porter, 133 Wn.2d 177, 181, 942 P.2d 974 (1997).

[10] Johnson, 180 Wn. App. at 99-100 (quoting State v. Sisouvanh, 175 Wn.2d 607, 623, 290 P.3d 942 (2012)).

[11] State v. Dunaway, 109 Wn.2d 207, 214-15, 743 P.2d 1237 (1987).

[12] Dunaway, 109 Wn.2d at 215.

[13] State v. Lewis, 115 Wn.2d 294, 302, 797 P.2d 1141 (1990) (citing State v. Boze, 47 Wn. App. 477, 480, 735 P.2d 696 (1987)).

[14] State v. Burns, 114 Wn.2d 314, 318, 788 P.2d 531 (1990) (citing State v. Edwards, 45 Wn. App. 378, 382, 725 P.2d 442 (1986), overruled on other grounds by Dunaway, 109 Wn.2d at 215).

State argues that "[b]ecause DUI is a strict liability crime, the defendant had no objective intent other than to drive [whereas] the defendant's objective intent in driving recklessly was to elude Officer Elias."

Under Seattle's municipal code, DUI is a strict liability offense,[15] requiring the State to prove only that the act constituting the offense occurred.[16] To prove a DUI offense, the State was required to show Wysgoll was under the influence while he operated a vehicle.[17] A charge of reckless driving, however, requires "willful and wanton disregard for the safety of person or property."[18] Thus, the two offenses do not require proof of the same statutory mens rea.

Statutory mens rea may support a finding of same objective intent, but we do not limit our analysis to the mens rea component of applicable criminal statutes. We also review the defendant's objective criminal purpose in committing the crimes.[19] Thus, the fact that the DUI statute omits a mens rea component does not preclude a finding of same criminal conduct. We must also review Wysgoll's objective criminal purpose in committing the crimes.

---

[15] Seattle Municipal Code (SMC) 11.56.020(A)(1) ("A person is guilty of driving while under the influence of intoxicating Liquor, marijuana or any drug if the person drives a vehicle within the City.").

[16] State v. Deer, 175 Wn.2d 725, 731, 287 P.3d 539 (2012), cert. denied, 133 S. Ct. 991 (2013).

[17] See State v. Komoto, 40 Wn. App. 200, 205, 697 P.2d 1025 (1985).

[18] SMC 11.56.120(A) ("Any person who drives any vehicle in the City in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.").

[19] State v. Davis, 174 Wn. App. 623, 642, 300 P.3d 465 (quoting State v. Adame, 56 Wn. App. 803, 811, 785 P.2d 1144 (1990)), review denied, 178 Wn.2d 1012 (2013).

In State v. Dunaway,[20] our Supreme Court reviewed three cases where the defendants claimed that robbery and attempted murder were the same criminal conduct. In two cases, the court decided robbery and attempted murder did not constitute same criminal conduct.[21] It reasoned that one offense did not further the commission of the other, and the statutory intents for each offense differed.[22] In the third case, the court found that a kidnapping offense furthered the commission of a robbery offense, and the robbery was the defendant's objective criminal intent for both.[23] Thus, the court concluded that kidnapping and robbery constituted the same criminal conduct.[24]

Here, the record supports the conclusion that Wysgoll's objective intent in committing both the DUI and reckless driving was to escape the responding officer. When Officer Elias approached the reported vehicle, he saw the vehicle's occupants "hunkered down." Officer Elias turned on a spotlight. Only then did Wysgoll look around and reverse the vehicle into a wall. The State makes no claim and the record does not contain evidence that he drove the car or engaged in reckless driving before Elias turned on his spotlight. Elias's spotlight prompted Wysgoll to begin to drive, which led to the DUI. Wysgoll also drove recklessly. Evidence in the record supports a conclusion that the DUI furthered the reckless driving charge and the two are intimately related.

---

[20] 109 Wn.2d 207, 214-15, 743 P.2d 1237 (1987).
[21] Dunaway, 109 Wn.2d at 216-17.
[22] Dunaway, 109 Wn.2d at 216-17.
[23] Dunaway, 109 Wn.2d at 217.
[24] Dunaway, 109 Wn.2d at 217.

We turn next to whether the offenses harmed the same victim. Wysgoll argues that the court erred because "[t]he victims for both of Wysgoll's crimes were the public at large, the responding officer, and Wysgoll's passenger." The State asserts the DUI victim was the community in general, while the victims of the reckless driving offense were Officer Elias and Wysgoll's passenger.

RCW 9.94A.030(53) defines "victim" as "any person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged." Though a DUI offense does not require a victim, Washington law contemplates the existence of victims in some cases.[25] And while reckless driving contemplates "persons or property" which may be affected by the criminal harm, the law does not require the State to show the defendant put other persons or property at risk to prove reckless driving.[26] Analyzing an accomplice liability statute, the state Supreme Court has noted, "[M]any victims cannot be defined as such until the crime is complete."[27]

In this case, as a result of both his intoxicated and reckless driving, Wysgoll damaged Officer Elias's vehicle, injured his passenger, and caused the community at large to suffer his criminal behavior. The municipal criminal complaint filed March 1, 2013, does not name a victim. The resulting "DUI RELATED JUDGMENT AND SENTENCE" entered by Seattle Municipal Court listed both offenses and awarded one

---

[25] City of Auburn v. Hedlund, 165 Wn.2d 645, 652-53, 201 P.3d 315 (2009) (defendant was a victim of DUI and reckless driving and thus did not have liability under accomplice statute).

[26] State v. Amurri, 51 Wn. App. 262, 267, 753 P.2d 540 (1988).

[27] Hedlund, 165 Wn.2d at 652.

restitution amount to the Seattle Police Department. Both offenses involved the same victims and produced the same harm to them.

Because Wysgoll's DUI and reckless driving offenses were committed at the same time and place, involved the same criminal intent, and had the same victims, they constitute the same criminal conduct for offender score purposes.

## Conclusion

Because Wysgoll's DUI and reckless driving offenses constitute the same criminal conduct, the trial court erred when it counted them separately for the purposes of Wysgoll's offender score. We remand for resentencing consistent with this opinion.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Appelwick, J._