Clyde Burgess, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

369 S. W. 2d 731.

(*Knoxville,* September Term, 1962.)

Opinion filed July 15, 1963.

EDWARD F. HURD, FRED L. MYERS, Newport, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, WALKER T. TIPTON Assistant Attorney General, Nashville, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiff in error was convicted of involuntary manslaughter and sentenced to serve not less than one nor more than five years in the State Penitentiary. He has duly appealed from this conviction and has assigned errors in this Court.

On March 27, 1962 the plaintiff in error was driving an automobile on a county road in Cocke County, Tennessee, adjacent to the Irish Cut School in that county. The automobile was being driven down a hill during the noon

recess of the Irish-Cut School. A six-year old boy was returning to the school grounds from lunch and came out into the road ahead of the plaintiff in error's car. The car struck this child, inflicting injuries which caused his death. Only two eyewitnesses to the accident testified, both of whom were students at the school. One of these witnesses testified the plaintiff in error was traveling 20 to 25 miles an hour. The other testified he was going "pretty fast". Plaintiff in error's car laid down some 90 feet of skid marks, approximately 36 feet of which were before the car reached the point of impact.

The Trial Judge, in his charge to the jury, stated:

"Involuntary manslaughter is where it plainly appears that neither death nor any bodily harm was intended by the party and that death was accidentally caused by some unlawful act or by some act not strictly lawful in itself but done in a reckless and unlawful manner and without due caution and that death was the natural or probable result of such act. Section 59-858 of the Code of Tennessee provides as follows:

" 'Any person who drives a vehicle upon the highway recklessly or at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person shall be guilty of reckless driving'."

In so defining reckless driving under the statute to the jury, the Trial Judge used the statutory definition of reckless driving in effect in this State prior to enactment of Chapter 329, Acts of 1955, Section 57. Since the enactment of this statute, T.C.A. sec. 58-858 is as follows:

"Reckless driving.—(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

■ Since the passage of the 1955 Act, willful or wanton disregard for the safety of persons or property is made the essential element of the offense of reckless driving. Willful or wanton disregard for the safety of persons or property is more than merely driving at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person.

■ As stated, this accident happened in 1962. At that time T.C.A. sec. 59-858 did not contain the language used by the Trial Judge in stating this statute to the jury. In so stating the law to the jury, the Trial Judge committed affirmative error. It was not necessary that a special request be tendered to correct this. As stated by this Court:

"It is not enough, in criminal cases involving the life and liberty of the accused, that the law of the case be partially stated. The accused is entitled, in such cases, to such a charge as the facts of the case require, and nothing short of that will satisfy the demands of justice."

*Crawford v. State*, 44 Tenn. 190; *Green v. State*, 154 Tenn. 26, 285 S.W. 554; *Batts v. State*, 189 Tenn. 30. 222 S.W.2d 190.

It should be stated that the Trial Judge, after defining reckless driving as he did in the foregoing quotation, further charged the jury as follows:

"I charge you that under the law that if you find from the evidence that the defendant while violating the above section of the above Code by unlawfully operating his automobile in an unlawful manner or at a speed or in a manner so as to endanger or be likely to endanger life, limb or property of the person killed,

David Smith, then he would be guilty of involuntary manslaughter provided he was doing so consciously·or under circumstances which would charge a reasonable prudent person with the appreciation of the fact and the anticipation of consequences injurious or fatal to others, but if the defendant was driving at a speed in excess of the speed limit and if the defendant was not drinking and that defendant could not reasonably anticipate that death or serious injury would occur and if someone unexpectedly walked into the path of the defendant's car and if the collision was then unavoidable, no conviction can be had. If the defendant was willfully and wantonly violating the law and if the collision could have been reasonably anticipated, the resulting injuries or the death, the defendant would be guilty.

"If, therefore, you twelve jurors find from the evidence in his case beyond a reasonable doubt that the defendant in this county and before the beginning of this prosecution was in charge of and running an automobile upon the public highway in a reckless manner and in violation of the Code· section above set out, and if the defendant while so operating the car killed David Smith, then no matter if David Smith may have been negligent and·careless, the defendant was guilty of the crime of involuntary manslaughter and it would be the duty of the jury to convict him of that offense * * *.''

Despite the fact that the Trial Judge thus explained the character of the conduct· on the part· of a·defendant required to sustain a conviction for involuntary manslaughter in the operation of a motor vehicle, the plaintiff in error was entitled to have the offense of reckless driving correctly stated to the jury so that the jury would

understand that before they could find a violation of the statute they must find the defendant's conduct amounted to a willful or wanton disregard for the safety of persons or property.

By the last paragraph of the charge quoted above, the Trial Judge instructed the jurors that it was their duty to find the defendant guilty if they found beyond a reasonable doubt that he drove in a reckless manner and violated the statute as read by the Court. An act of ordinary negligence, i. e., the failure to exercise reasonable and ordinary care under the circumstances, could constitute a violation of the statute read to the jury by the Trial Judge. Willful or wanton negligence is an essential element of the offense of reckless driving under the statute in effect at the time of the accident involved in this case. To constitute wanton negligence there must be ''A heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another.'' *Inter-City Trucking Co. v. Daniels,* 181 Tenn. 126, 130, 178 S.W.2d 756.

■■ The plaintiff in error contends there is no evidence to support the judgment in this case. This assignment is without merit because there is evidence in the record that the plaintiff in error, when passing a school during recess, was driving in excess of 15 miles per hour. The fourth paragraph of T.C.A. sec. 59-852 provides:

''Any person who shall drive at a speed exceeding fifteen (15) miles per hour when passing a school during recess, or while children are going to or leaving school during its opening or closing hours, shall be prima facie guilty of reckless driving.''

Under this statute the proof offered by the State was sufficient to make a prima facie case against the defendant.

For the reasons hereinabove stated, the judgment of the Trial Court is reversed and the cause is remanded to the Circuit Court of Cocke County for further proceedings not inconsistent with this opinion.