**STATE of Tennessee, Appellant,**

v.

**Jerry W. WILKINS, Appellee.**

Supreme Court of Tennessee.

July 25, 1983.

Gordon W. Smith, Asst. Atty. Gen., Nashville, for appellant; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

Mike Mosier, Henderson, for appellee.

OPINION

DROWOTA, Justice.

We granted the State's Application for Permission to Appeal in order to determine whether a conviction of reckless driving can be maintained on speed alone, when there is evidence that Defendant's speed was approximately 120 m.p.h. We find that such excessive speed may constitute reckless driving, and that the Court of Criminal Appeals was in error in finding the evidence insufficient to sustain the Defendant's conviction for reckless driving.

The arresting officer in this case testified that he was traveling north on Highway 45 in Chester County when he observed a small bright yellow Porsche traveling south towards Henderson at a very high rate of speed. He immediately turned his patrol car around, turned on his blue light and siren, and began pursuit of the speeding vehicle. He testified that he was half to three-quarters of a mile behind the Porsche and despite attaining a speed of approximately 120 miles per hour, he could not catch the vehicle. He described a series of hills and a big curve. When he got to the top of a large hill, he could see the Porsche several hills away. He eventually lost sight of the Porsche. He then proceeded to Henderson and approximately 20 minutes after the incident, he observed the vehicle and, after discovering the Defendant was the driver, procured a warrant for his arrest. The Defendant admitted driving a yellow Porsche south on Highway 45 to Henderson, but stated that he never saw any state trooper and that he drove the vehicle between 55 and 60 miles an hour. He testified that he was not involved in a chase and that the yellow Porsche he was driving was not the one involved.

The Defendant was arrested on a state warrant charging him with reckless driving by driving in excess of 120 m.p.h. The Defendant waived his rights to a presentment or indictment and trial by jury and was tried in the General Sessions Court of Chester County and found guilty of reckless driving and fined $50 and costs.

He appealed his conviction to the Circuit Court where he was tried without a jury. The trial judge stated at the conclusion of all the proof that the officer testified that the Defendant "was running at 120 miles an hour, and the officer couldn't catch whoever it was driving . . . The officer found the car that the officer said was involved. This was substantiated by Mr. Wilkins and Mr. Kitchens. Of course, I know there are probably many yellow Porsches, but I rather doubt that there was more than one on that particular day and that particular time. I feel that this man is guilty. This circumstantial evidence would indicate his guilt, and I'm going to fine him $25.00 [and costs] for reckless driving." The Defendant appealed his conviction and the Court of Criminal Appeals reversed, finding that "[t]here is no evidence of reckless driving in this record, as defined in the statute." The statute, T.C.A. § 55–10–205(a), provides as follows: "Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

The Court of Criminal Appeals, in reversing the conviction and dismissing the charge, held that something more than mere speed is required to constitute "wanton disregard for the safety of persons or property." That Court cited *Burgess v. State*, 369 S.W.2d 731, 212 Tenn. 315 (1963), as authority for its position.

Prior to 1955, T.C.A. § 59–858(a) provided that "[a]ny person who drives a vehicle upon the highway recklessly or at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person shall be guilty of reckless driving." The trial court, in *Burgess v. State, supra,* instructed the jury on this former statutory definition rather than § 59–858(a), as amended, now § 55–10–205(a). The Supreme Court on appeal held it reversible error to instruct the jury on the old statute because the new statute made willful and wanton disregard for the safety of persons or property an essential element of the offense of reckless driving, and the old statute did not make that clear. The Court stated that the Defendant "was entitled to have the offense of reckless driving correctly stated to the jury so that the jury would understand that before they could find a violation of the statute they must find the defendant's conduct amounted to a willful or wanton disregard for the safety of persons or property." The Court held: "To constitute wanton negligence there must be 'a heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another.' [citation omitted]." 369 S.W.2d at 733.

In *Burgess,* the defendant's car struck and killed a six-year-old schoolboy within a 15 mile-per-hour school zone. T.C.A. § 59–852 (now § 55–8–152(e)) makes driving over 15 miles per hour in a school zone prima facie evidence of reckless driving. One witness testified the defendant was driving between 20 and 25 miles per hour; another testified he was driving "pretty fast." At trial, reckless driving was defined as an element of involuntary manslaughter. This Court was concerned that the jury had convicted the defendant on the evidence of his speed alone, without considering whether he consciously acted, knowing he might cause injury to another.

Justice Holmes' statement in *Burgess* that "[w]illful or wanton disregard for the safety of persons or property is more than merely driving at a speed or in a manner so as to endanger or be likely to endanger the life, limb or property of any person," must be read within the context of that case. Driving at 20 miles an hour in and of itself is not willful and wanton disregard for another's safety. But once this speed is coupled with a statute which prohibits speeds in excess of 15 miles per hour in school zones, a jury may rightly find the violator had a reckless disregard for another's rights, with a consciousness that his act may result in injury to another and thus he would be guilty of reckless driving. The Court, in *Burgess,* merely required that a jury consider the willful and wanton nature of the defendant's act.

Willful and wanton disregard for another's safety is a factual question properly determined from all the circumstances. It exceeds negligence in that the actor willfully breaches a duty. While 20 miles per hour without more is not "willful and wanton," we do not think such can be said for all speeds. Indeed, we think it is within the discretion of the finder of fact to consider that a motor vehicle's speed can be so fast as to constitute willful and wanton disregard for persons or property, be it the person and property of the driver or others on the road or in the area.[1] We do not read *Burgess* to preclude this result. Although *Burgess* is cited in *Ray v. State,* 563 S.W.2d 218 (Tenn.Cr.App.1977), Ray is a D.U.I. case in which the defendant's speed was not an issue. *Burgess* is cited for the elements of reckless driving, and the only question was whether reckless driving was a lesser included offense of D.U.I.

The State acknowledges that the only evidence of "willful or wanton disregard for the safety of persons or property" is the testimony concerning the Defendant's excessive speed. The State avers that there is a point at which the speed becomes so excessive and the danger of the injury to the driver or others so probable that such extreme speed might be sufficient to sustain a conviction for the offense. The State submits that in this case the Defendant's driving a vehicle at a speed of 120 m.p.h. constitutes a willful or wanton disregard for the safety of persons or property. The Defendant avers that proof of excessive speed alone is insufficient to make out a case of reckless driving. We hold that under certain facts and circumstances excessive speed can be sufficient to sustain a conviction of reckless driving.

Based upon the conflicting testimony of the officer that Defendant was traveling approximately 120 m.p.h., and the testimony of the Defendant that he was not involved in a chase, we believe the trial judge was justified in resolving the conflict in favor of the State and finding the Defendant guilty of reckless driving. The trial judge's findings on appeal have the weight of a jury verdict, and it was error for the Court of Criminal Appeals to find the evidence insufficient to sustain the trial court's finding of guilt. Under the facts of this case, speeds of 120 m.p.h., on what the record describes as a highway with hills and curves, is sufficient to sustain a conviction of reckless driving. The judgment of the trial court is accordingly reinstated.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.

1. The record in this case indicates that Highway 45 was not straight and level, but had hills and curves. Excessive speeds cut down on one's reaction time. The record fails to reveal what the traffic, road and weather conditions were. These are factors which also could be considered by the finder of fact.