IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1998 SESSION



**FILED**

**July 30, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| Appellee, | ) C.C.A. No. 03C01-9707-CR-00304 |
| | ) |
| | ) Greene County |
| V. | ) |
| | ) Honorable James E. Beckner, Judge |
| **CHRISTOPHER BROWN,** | ) |
| | ) (Reckless Driving; Motorcycle |
| Appellant. | ) Helmet and Protective Eyewear) |
| | ) |

FOR THE APPELLANT:

William H. Bell
Attorney at Law
P.O. Box 1876
Greeneville, TN 37743

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
Cordell Hull Building, 2d Floor
425 5th Avenue North
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General

Eric D. Christiansen
Assistant District Attorney General
109 South Main Street
Greeneville, TN 37743

OPINION FILED: _____

**REVERSED IN PART; AFFIRMED IN PART**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Christopher Brown was charged with reckless driving in violation of Tennessee Code Annotated § 55-10-205 (1993); driving a motorcycle without a helmet in violation of Tennessee Code Annotated § 55-9-302 (1993); and driving a motorcycle without a windshield, safety goggles, face shield, or glasses in violation of Tennessee Code Annotated § 55-9-304 (1993).  A mistrial occurred in December 1996.  After a jury trial on January 22, 1997, the appellant was convicted on all three charges.  That same day the trial court conducted a sentencing hearing.  The appellant was sentenced to six months for the reckless driving conviction, to thirty days for failure to wear a helmet, and to thirty days for failure to have a motorcycle windshield.  All three sentences were to be served at thirty percent and were to run concurrently.

The appellant presents three issues for our review: (1) whether the evidence is sufficient to support the appellant's convictions; (2) whether the state's only witness provided contradictory testimony; and (3) whether the trial court erred in imposing an excessive sentence.  After carefully reviewing the record, we reverse the appellant's conviction as to reckless driving and affirm the rest of the charges.

At approximately 11:40 a.m. on Thursday, April 18, 1996, Officer Lynn House of the Greeneville Police Department was inside the Foothills Car Wash on the Newport Highway in Greene County.  He had brought his cruiser in to be cleaned and was there to pick it up after cleaning.  While inside the car wash and while signing a receipt, House heard the loud noise of a motorcycle.  He looked out the window and saw what he described as a black and yellow motorcycle, although on cross-examination he could not describe the size of the motorcycle that he had observed.  Also, he testified that the appellant was the rider of the motorcycle, although the appellant disputes this assertion.  House stated that he

knew the appellant because he had stopped him "on occasion." He further stated that the appellant "was not wearing a helmet, had no windshield on the motorcycle nor [sic] was not wearing any type of glasses, protective glasses." On cross-examination, Officer House admitted that he observed all of this detail for "just a moment" and that he was approximately 80 to 100 feet away from the driver of the motorcycle. House indicated that the appellant was traveling only about 40 miles per hour on West Main at that time. The appellant contends that Officer House, who wears glasses to read, made the identification while looking through a tinted window. Officer House, however, denies that he requires glasses and that the window was tinted.

As Officer House was preparing to leave the car wash, he went to his cruiser and retrieved something from the trunk. He then got into his cruiser, and as he was leaving the car wash, he observed the driver of the motorcycle coming across the lot of the Amoco market across the street. House testified that the motorcycle crossed the Amoco lot and accelerated out Marshall Lane. House further testified that the appellant was the driver of the motorcycle and that he was not wearing goggles or a helmet. On cross-examination, Officer House acknowledged that "[t]here were people going in and out of the market [, but] I don't have any idea who they were."

Officer House described the area of Marshall Lane as being level for approximately a tenth of a mile and then there is a sharp draw in the roadway. One cannot see any of the roadway beyond the crest of the hill. He further noted that there are houses and a church in the area. However, he admitted that there was no other vehicular or pedestrian traffic on the road during the middle of the day on Thursday, April 18, 1996 when this incident occurred.

Officer House then turned onto the lot and "[t]hat's when the motorcycle accelerated to a very high rate of speed, and I made a U-turn and followed him." On cross-examination, Officer House admitted that the "very high rate of speed" that the motorcycle reached was approximately 55 to 60 miles per hour and that the speed limit in that area was 30 miles per hour. He accelerated to 45 miles per hour while following the motorcycle. He also stated that both wheels of the motorcycle left the road when it crossed the crest of the roadway, although the record does not indicate how high off the ground the wheels were.

On cross-examination, Officer House admitted that he did not get the license tag number of the motorcycle. He also admitted that he never turned on his blue lights, his siren, or his flashing lights and that he did not have his radar on at any point. Furthermore, Officer House acknowledged that it would have taken only a second to flip the switch for the blue lights and that he never yelled or indicated in any way to the driver of the motorcycle to pull over or to stop. His response when asked why he did not stop the rider of the motorcycle was "[h]e wouldn't stop." Officer House then obtained warrants for the appellant.

The appellant disputes Officer House's assertion that he was the driver of the motorcycle. The appellant contends that House mistakenly identified him as the driver of the motorcycle and contends that he was in another part of the county when the incident with House occurred. To support his contention, the appellant called five witnesses on his behalf.

Robert Keith Kesterson testified that he was followed for a period of time by three cruisers driven by three Greeneville police officers on the afternoon of Thursday, April 18, 1996, the same day of the incident with Officer House. Finally, Kesterson, along with some friends, stopped their motorcycles, although

-4-

the three cruisers did not "blue light" them to stop. Kesterson was riding a motorcycle that was green, purple, and white. He testified that he was asked by one of the officers, "Have you been riding on the Newport Highway without a helmet or speeding?" He replied, "No" and asked, "Why?" The officer responded, "That's all you need to know." A couple of minutes later Officer House arrived on the scene and told Kesterson that the appellant, Chris Brown, was going to be arrested. House also told Kesterson to tell the appellant to turn himself in to the police.

Rodney Kyker, a tow truck driver, testified that the appellant was at the Texaco station in Mosheim around the time of the incident with Officer House. Mosheim is a considerable distance from the Newport Highway where the incident with Officer House occurred. Billy Dugger, the owner of the Texaco station in Mosheim and a friend of the appellant's, also testified that the appellant stopped by the station around 11:00 or 12:00 on April 18, 1996 to see him.

Mark Spears, the motorcycle mechanic at Ken's Cycle Center in Gray, Tennessee, testified that the appellant's motorcycle was in the shop for work on April 18, 1998. He also testified that the appellant's motorcycle was big and heavy because he had to move it around at the shop. Kenneth Britt, owner of Ken's Cycle Center, also testified that the appellant's motorcycle, a Honda CBR 900 RR, was "[n]ot any louder than anything else on the market. Motorcycles meet the same criteria on EPA standards on both emissions, sounds." Also, Britt testified that the appellant is a well-known customer and that sometimes work for customers does not get entered in the shop's log book. He also testified that he had written a receipt for work done on the appellant's motorcycle on the day in question several months after the work had been completed.

The appellant's first issue for our review is whether the evidence is sufficient for conviction. The appellant contends that he is the victim of mistaken identity. He insists that his motorcycle was at Ken's Cycle Center in Gray, Tennessee on the day the incident with Officer House occurred. Furthermore, he asserts that he was in Mosheim, which is "completely across the county" from the site of the incident with Officer House. Also, he asserts that Officer House cannot identify anything else about the motorcycle and that Rodney Kesterson was questioned about whether <u>he</u> had been riding a motorcycle without a helmet and been speeding on the Newport Highway that same day. Finally, the appellant contends that Officer House wears glasses to read and that he made an identification of the driver of the motorcycle from 100 feet away and through a tinted window.

The state argues that the evidence is sufficient to support the appellant's convictions. It contends that this is a case of witness credibility, not mistaken identity. The state maintains that the jury found Officer House to be credible, despite the five witnesses who testified on behalf of the appellant.

When appellants challenge the sufficiency of the evidence, this Court must determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979); Tenn. R. App. P. 13(e); <u>State v. Duncan</u>, 698 S.W.2d 63 (Tenn. 1985). The weight and credibility of a witness' testimony are matters entrusted exclusively to the jury as the triers of fact. <u>State v. Sheffield</u>, 676 S.W.2d 542 (Tenn. 1984); <u>Byrge v. State</u>, 575 S.W.2d 292 (Tenn. Crim. App. 1978). This Court does not reweigh or re-evaluate the evidence. <u>State v. Cabbage</u>, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the state is entitled to the strongest legitimate view of the evidence and all inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden on appeal to show why the evidence is insufficient to support the verdict. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The appellant argues that the evidence is insufficient to convict him of reckless driving. Tennessee Code Annotated § 55-10-205 (1993) states that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." One manifests willful or wanton disregard who willfully breaches a duty in a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." State v. Wilkins, 654 S.W.2d 678, 679 (Tenn. 1983) (citing Burgess v. State, 212 Tenn. 315, 320, 369 S.W.2d 731, 733 (1963)). "Willful and wanton disregard for another's safety is a factual question properly determined from all the circumstances." Id. at 680; see State v. Eddie Jake Mysinger, No. 314 (Tenn. Crim. App. at Knoxville, Mar. 14, 1990); State v. Rita Marie Russell, No. 158 (Tenn. Crim. App. at Knoxville, Apr. 2, 1986). Driving 120 miles per hour on a highway with hills and curves has been considered reckless driving. Wilkins, 654 S.W.2d at 679.

However, in State v. Ronald Mitchell, No. 02C01-9702-CC-00070 (Tenn. Crim. App. at Jackson, Sept. 15, 1997), the defendant was traveling 77 miles per hour in a 50-mile-per-hour zone on a straight, flat road. The incident occurred late at night, and the defendant passed another vehicle. A panel of this Court held that the evidence was insufficient to support a verdict of guilt for

reckless driving.

In the case <u>sub judice</u>, Officer House testified that the driver of the motorcycle, which House contends was the appellant, was traveling approximately 55 to 60 miles per hour in a 30-mile-per-hour zone. This incident occurred in the middle of the day on a Thursday, and Officer House admitted that there was no pedestrian or vehicular traffic in the area at the time of the incident. Furthermore, he testified that the wheels of the motorcycle left the road, although the transcript does not indicate by how much, as it went over the crest of the hill. From all the circumstances surrounding this incident, we conclude that the evidence is insufficient to support a verdict of guilt for reckless driving.

With respect to the charges of failure to wear a helmet while operating a motorcycle and failure to drive a motorcycle without a windshield or protective eyewear, the appellant contends that he was mistakenly identified by Officer House. He insists that he was in another part of Greene County and that his motorcycle was at Ken's Cycle Center in Gray, Tennessee when the incident with Officer House occurred. In support of this contention, the appellant produced two witnesses who testified that he was in another part of the county at the time of the incident and two witnesses who testified that his motorcycle was in the shop at the time of the incident. Moreover, Rodney Kesterson testified that he was questioned by a Greeneville police officer as to whether <u>he</u> had been riding without a helmet and speeding on the Newport Highway earlier in the day on April 18, 1996. As to the state's proof, Officer House claims that he saw the appellant when he, Officer House, was inside the car wash and then again as he was leaving the car wash.

We affirm the convictions regarding the lack of a motorcycle helmet and

driving without a windshield or protective eyewear. To reverse these convictions would require this Court to engage in a prohibited assessment of the credibility of witnesses and the weight to be given to their testimony. Officer House affirmatively identified the appellant as a helmet-less, lens-less rider of a motorcycle that had no windscreen. We believe that his testimony is sufficient, in the light most favorable to the state, to establish the commission of these two equipment offenses despite the appellant's protestations. Conflicts and contradictions in the evidence are typically matters for the trier of fact to resolve, and the jury in this case resolved the conflicts in favor of the state. State v. Grace, at 476. Therefore, we affirm these two convictions.

The appellant's next issue involves alleged contradictory testimony of the state's only witness. This issue raised by the appellant is a credibility issue, which the jury resolved in favor of Officer House as to the charges upon which the appellant now stands convicted. This issue is without merit.

The appellant argues that the trial court erred in imposing an excessive sentence. Since we have now dismissed the most serious charge, the appellant's sentence as adjudged by the trial court is thirty days for failure to wear a helmet and thirty days for failure to have a motorcycle windshield, with both sentences running concurrently.

The trial court found two enhancement factors and no mitigating factors. The trial judge denied probation. The appellant apparently was on probation when he committed the present offenses, and he has a prior violation of parole. The trial judge found that some incarceration was necessary to avoid depreciating the seriousness for the offenses and to deter others. The trial court made findings of fact.

In the state's brief, the Attorney General argues that the appellant manufactured evidence. This allegation is of some concern to this Court as we are sure it was to the trial court. Such activity would certainly be a lawful basis for denial of probation.

The appellant did not prove his worthiness for probation. Based on his prior record, probation and parole revocation, this Court is of the opinion that his effective thirty-day sentences, running concurrently, are not excessive.

Accordingly, we reverse the judgment of conviction for reckless driving and dismiss that indictment. We affirm the other convictions and the sentences as adjudged by the trial court. The trial court will enter a judgment accordingly.

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
CURWOOD WITT, Judge