IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## STATE OF TENNESSEE v. RONALD CROOK

**Appeal from the Criminal Court for Shelby County**
**No. 04-08273      James C. Beasley, Jr., Judge**

---

**No. W2005-02476-CCA-R3-CD  - December 6, 2006**

---

The Appellant, Ronald Crook, was convicted by a Shelby County jury of driving under the influence (DUI), first offense, and reckless driving.  As a result of these convictions, Crook received concurrent sentences of eleven months, twenty-nine days with service of four days for each conviction.  On appeal, Crook argues that the evidence is insufficient to support his convictions and that his sentences are excessive.  After review, the judgments of conviction and resulting sentences are affirmed.

**Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Robert Jones, Shelby County Public Defender; Phyllis Aluko (on appeal) and Michael Johnson (at trial), Assistant Public Defenders, Memphis, Tennessee, for the Appellant, Ronald Crook.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; William L. Gibbons, District Attorney General; and Scot Bearup, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

The facts as developed at trial establish that on July 30, 2004, Landon and Therese Despeaux were taking their family out to eat when Mr. Despeaux looked in his rear view mirror and saw that a car had hit a telephone pole.  Despeaux intended to return to the accident scene and check on the driver, but, before he could do so, the driver put his car in reverse and drove back onto the street into traffic.  Mr. Despeaux proceeded to the restaurant and, upon entering the parking lot, noticed that the car involved in the wreck had followed him onto the parking lot and parked next to the Despeauxs' van.  The driver, identified as the Appellant, got out of the car, accusing Mr. Despeaux of causing the accident.  The Appellant then briefly returned to his car to get a note pad to record the

license plate number of the van. At this point, Mr. Despeaux told his wife to call the police. The Appellant immediately returned and wrote down the van's license plate number and continued the confrontation with Mr. Despeaux on the sidewalk outside the restaurant. When the police arrived, Mrs. Despeaux took their three children inside the restaurant and waited for the Appellant to leave.

Patrol Officer Robert McKenzie and his partner, Officer Darrell Felton, were dispatched to the restaurant parking lot and arrived at the scene around 7:00 P.M. Officer McKenzie testified that there was some body damage to the right, front side of the Appellant's car and that it had a flat tire. He concluded that the effects of alcohol were "obvious" based upon a strong odor of alcohol about the Appellant; that his eyes were "bloodshot, watery and sleepy"; that his speech was kind of mumbled like the "slurred speech of somebody's that's been drinking"; and that he appeared to be unsteady on his feet. Officer McKenzie called a DUI officer to administer the field sobriety tests.

Officer Felton testified that, when they arrived, the Appellant and Mr. Despeaux were standing outside their vehicles. Officer Felton interviewed the Appellant, who was adamant that Mr. Despeaux had caused the accident. Officer Felton concluded that the Appellant's ability to drive was impaired based on the Appellant's "demeanor, and appearance, his speech and odor of alcohol."

Officer C. A. Lewis, a DUI instructor and Field Training Officer certified in the use of the Intoxilizer 1400, was dispatched to the scene. She noted that the Appellant had an odor of an intoxicant about him; that his eyes were bloodshot and watery; that his speech was "thick-tongued and slurred"; and that his walk from the car was "staggering and swaying." She administered two field sobriety tests. The first was the "one-leg stand" test, which the Appellant started to perform. However, he then said he did not want to do it, and the test was stopped. The second test was the "heel-to-toe" test, and the Appellant promptly stepped off the line and lost his balance on the turn. Officer Lewis concluded that the Appellant was under the influence of alcohol. The Appellant testified that he could not perform the tests because he had diabetic neuropathy in his feet and was required to wear special shoes, although he was not wearing them that day. The Appellant submitted to an Intoxilizer 1400 breath test, with the test results establishing a blood alcohol level of .15 percent.

Officer McKenzie transported the Appellant to "the Med" to see if he needed medical treatment for his diabetes. One of the staff took a blood sample and cleared the Appellant to be taken to the jail. The hospital did not give the Appellant any medication or treatment.

The Appellant testified that he was not intoxicated when he arrived at the restaurant, but he admitted that, by the time the police arrived, "[he] was inebriated." He explained that after he wrote down the Despeauxs' license plate number, he sat in his car, poured two twenty-four-ounce cans of beer into a water bottle, and "guzzled" it. During the twenty minutes that the Appellant was waiting to take the Intoxilizer test, he talked to Officer Lewis, but he did not tell her or the other officers that he had just consumed two, twenty-four-ounce cans of beers.

The Appellant further testified that the officers misinterpreted the symptoms of low blood sugar, which resulted from his diabetes, as evidence of intoxication. He testified that low blood sugar caused him dizziness, confusion, and lack of motor skills. Additionally, the Appellant testified that he had been diagnosed as suffering from depression and receives disability because of it. He took Prozac twice a day, and the package had a label that warned him not to drink alcohol while taking the medication.

The Appellant stated that around 11:00 A.M., he ate lunch at home and went to a gym to exercise. On the way home, he purchased two forty-ounce bottles of beer. Over the next four hours, he drank one and one-half bottles of the beer he purchased. Around 5:30 P.M., he stopped at a supermarket and bought the twenty-four ounce cans of beer, which he contends he "guzzled" while waiting for the police at the restaurant parking lot.[1] Based upon the Appellant's admissions, he consumed 108 ounces of beer between approximately 1:30 P.M. and 7:00 P.M., including his assertion that forty-eight ounces of the beer was consumed on the restaurant parking lot.

The Appellant testified that he was on his way home when a maroon van ran a stop sign, and he had to slam on his brakes to avoid an accident. In trying to avoid the accident, the Appellant hit a telephone pole, blowing out his tire and causing steam to pour out of his radiator. According to the Appellant, he then backed up and drove onto the street, following the van so that he could get its license plate number. He followed it down S. Perkins Rd., down Cole Rd., down St. Nick Dr., and through a parking lot to the Erin Way Shopping Center. He testified that he called his father to pick him up and he did not intend to call the police that night.

Doyle Crook is the Appellant's father, and he testified that at 6:30 P.M., on July 30, 2004, he received a phone call from his son, who said he had been involved in an accident and needed a ride home. Mr. Crook and his wife went to the restaurant to pick up the Appellant. Mr. Crook noticed that the right front tire was flat and that the right front fender was dented. They left the car there for the night. Mr. Crook also testified that the Appellant is a diabetic and receives social security disability benefits.

**Analysis**

On appeal, the Appellant contends that the evidence was insufficient to allow a rational trier of fact to find, beyond a reasonable doubt, that he was guilty of DUI and reckless driving. Our standard of review when a defendant questions the sufficiency of the evidence on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). We do not reweigh the evidence; rather, we presume that the jury has resolved all conflicts in the testimony and drawn all reasonable

---

[1] Both Mr. and Mrs. Despeaux testified that, with the exception of approximately thirty seconds when the Appellant retrieved a notepad from his car, he was continuously in their presence until the police arrived and, that at no time did they observe the Appellant drinking beer.

-3-

inferences from the evidence in favor of the state. *State v. Sheffield*, 676 S.W.2d 542, 547 (Tenn. 1984); *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility are to be resolved by the jury. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

## I. Sufficiency of the Evidence

### a. DUI

The Appellant was indicted on alternative counts of DUI by intoxication and DUI *per se*. Tennessee Code Annotated section 55-10-401 states in pertinent part:

> (a) It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys, or while on the premises of any shopping center, trailer park or any apartment house complex, or any other premises which is generally frequented by the public at large, while:
>
> (1) Under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system; or
>
> (2) The alcohol concentration in such person's blood or breath is eight-hundredths of one percent (.08%) or more.

T.C.A. § 55-10-401 (2004).

The Appellant concedes that he was involved in an accident, that he drove on public streets to the shopping center, and that he was inebriated when the police arrived. He asserts, however, that he was not intoxicated at the time of his accident, but rather drank two twenty-four ounce cans of beer in his car while he was waiting for his father to pick him up. The credibility of a witness' testimony is a matter which is entrusted exclusively to the jury as the trier of fact. *Sheffield*, 676 S.W.2d at 547; *Byrge v. State*, 575 S.W.2d 292 (Tenn. Crim. App. 1978). Obviously, based upon the verdict, the jury chose not to accredit the Appellant's testimony that his impairment occurred while waiting for his father in the parking lot.

Viewed in the light most favorable to the State, there is sufficient evidence from which to find that the Appellant was guilty of DUI by intoxication. The Appellant admitted that he had consumed sixty ounces of beer prior to leaving the roadway and striking a utility pole. Officer McKenzie testified that there was an obvious odor of alcohol about the Appellant; that his eyes were "bloodshot, watery and sleepy"; that his speech was "slurred speech of somebody's that's been drinking"; and that he was unsteady on his feet. Officer Felton testified that the Appellant's ability to drive was impaired based on the Appellant's "demeanor, and appearance, his speech and odor of alcohol." Officer Lewis testified that the Appellant could not complete two field sobriety tests and noted his demeanor as "argumentative, inattentive and cocky." Additionally, there is sufficient

evidence to support the Appellant's conviction for DUI *per se* based upon Officer Lewis' testimony that the Appellant's blood alcohol level was .15 percent following the accident.[2]

### b. Reckless Driving

The Appellant also asserts that the evidence is insufficient to support his conviction for reckless driving. He argues that the evidence presented demonstrates that he drove safely because he prevented a collision with the Despeauxs' vehicle by driving onto the curb before striking the utility pole. The State asserts the proof establishes that the Appellant is guilty of reckless driving.

Tennessee Code Annotated section 55-10-205 (2004) provides that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." To demonstrate willful or wanton disregard there must be a "heedless and reckless disregard for another's rights, with the consciousness that the act or omission to act may result in injury to another." *State v. Wilkins*, 654 S.W.2d 678, 679 (Tenn. 1993) (citing *Burgess v. State*, 369 S.W.2d 731, 733 (1963)). "Willful and wanton disregard for another's safety is a factual question properly determined from all the circumstances." *Wilkins*, 654 S.W.2d at 680.

In the light most favorable to the state, we conclude there is sufficient evidence to establish that the Appellant drove with a willful and wanton disregard for the safety of others and is, thus, guilty of reckless driving. The Appellant's acts of reckless driving are evidenced by both the driving of his vehicle over a curb and the striking of a utility pole and then reentering "traffic" while operating his damaged vehicle with a flat tire and steam pouring from the radiator.

## II. Sentencing

The Appellant asserts that the imposed four-day periods of confinement for each conviction is excessive. In DUI cases, Tennessee Code Annotated section 55-10-403(c) (2003) provides for a maximum sentence of eleven months, twenty-nine days for each conviction "with the only function of the trial court being to determine what period above the minimum period of incarceration established by statute, if any, is to be suspended." *State v. Combs*, 945 S.W.2d 770, 774 (Tenn. Crim. App. 1996). The mandatory minimum sentence for a conviction of DUI, first offense, is forty-eight hours. T.C.A. § 55-10-403(a)(1). The offense of reckless driving is a Class B misdemeanor, with a maximum possible sentence of six months. T.C.A. §§ 55-10-205 (2003); 40-35-111(d)(2) (2003).

Appellate review of misdemeanor sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2003). The Appellant has the burden of showing that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing

---

[2] The trial court merged the Appellant's conviction for DUI *per se* (count 2) with DUI while intoxicated (count 1) and entered a judgment for DUI while intoxicated.

Commission Comments. If the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A person convicted of a misdemeanor is not entitled to the presumption of a minimum sentence. *State v. Creasy*, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). The statutes governing misdemeanor sentencing are designed to give trial judges flexibility in setting the length of time to be served while providing for continuing jurisdiction so the sentence may be modified at a later time, in the discretion of the court. T.C.A. § 40-35-302(d) (2003), Sentencing Commission Comments; *State v. Boyd*, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). In this case, the trial court applied enhancement factor (11), that the Appellant had no hesitation about committing a crime when the risk to human life was high, to both the Appellant's convictions. *See* T.C.A. § 40-35-114(11) (2003). This factor may be applied in DUI cases if the proof establishes, by a preponderance of the evidence, "'that other persons or motorists were either in the vicinity or placed at risk by Defendant's conduct.'" *State v. Philip R. Haven*, No. M2001-00332-CCA-R3-CD (Tenn. Crim. App. at Nashville, Dec. 30, 2002, *perm. appeal denied* (Tenn. 2002) (quoting *State v. Janice Carol Biskner*, No. E2000-01440-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Nov. 13, 2001)). The record supports the trial court's application of enhancement factor (11) in the Appellant's DUI sentence.

With respect to the reckless driving sentence, we conclude that enhancement factor (11) is so similar in purpose and definition to that of reckless driving that we afford this factor no weight for sentencing enhancement purposes. As stated earlier, "[a]ny person who drives a vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving." T.C.A. § 55-10-205. Because the Appellant is not entitled to the presumption of a minimum sentence in a misdemeanor case and because the trial court is afforded wide latitude in misdemeanor sentencing, we conclude that the trial court's sentence of four days is justified based upon the Appellant's excessive level of intoxication and the nature and circumstances of the offense.

Additionally, the record demonstrates that the Appellant remains unrepentant for his conduct. In a *pro se* supplement to the motion for new trial, the Appellant requested that the trial court consider a civil complaint which he had filed against the Despeauxs, asserting that they committed perjury and "the intentional torts of Slander and Defamation" as prosecuting witnesses in the case. *See Troutman*, 979 S.W.2d 271, 174 (Tenn. 1998) (sentencing court may consider information relevant to defendant's ability to be rehabilitated under T.C.A. § 40-35-103(6)). Accordingly, we conclude that the Appellant's argument that his sentences are excessive is without merit.

## CONCLUSION

After review, the judgments of conviction for DUI and reckless driving, as well as the resulting sentences imposed by the Shelby County Criminal Court, are affirmed.

_____
DAVID G. HAYES, JUDGE