IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 2, 2021 Session

## METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE v. ABDIQANI GELLE

**Appeal from the Circuit Court for Davidson County
No. 20C445   Kelvin D. Jones, Judge**

_____

**No. M2020-01360-COA-R3-CV**
_____

The defendant appeals the trial court's judgment finding that he violated a reckless driving city ordinance, Metropolitan Code of Law § 12.68.180, when he drove 65 miles per hour in a 45-mile-per-hour zone.  During trial, Metropolitan Government of Nashville & Davidson County, Tennessee ("Metro") presented evidence regarding the defendant's speed to support its allegation that the defendant was driving recklessly.  Following proof of the defendant's excessive speed, the trial court found that the defendant had failed to rebut the presumption created by ordinance that he was driving in such a way as to demonstrate "a wilful and wanton disregard for the safety of persons or property."  The defendant challenges the constitutionality of such ordinance, which provides a rebuttable presumption that the defendant was driving recklessly when driving at least fifteen miles per hour over the speed limit.  However, the defendant's issues concerning constitutionality of the ordinance were not properly raised or decided by the trial court, and upon our determination that the ordinance is not facially unconstitutional, we hold that the defendant has waived his issues regarding the constitutionality of the ordinance.  Upon our review of the record, we affirm the trial court's judgment that the defendant violated Metropolitan Code of Law § 12.68.180.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, J., joined, and JOHN W. MCCLARTY, J., filed a separate dissenting opinion.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Abdiqani Gelle.

Wallace Dietz, Director of Law, and Joshua Thomas, Assistant Metropolitan Attorney, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville & Davidson County, Tennessee.


**OPINION**

**Background**

On December 28, 2019, at approximately 10:17 P.M., a police officer for the Metro Nashville Police Department issued a traffic citation to Abdiqani Gelle ("Defendant") for Reckless Driving for violating Metropolitan Code of Law § 12.68.180. The citation provides that Defendant was cited for driving 65 miles per hour in a 45-mile-per-hour zone. The face of the citation indicates that Defendant refused to sign the citation.

This matter was heard initially by and appealed from the Metropolitan General Sessions Court of Davidson County, Tennessee. The Davidson County Circuit Court ("the Trial Court") conducted a bench trial regarding the *de novo* appeal in August 2020. During opening arguments, the following transpired:

> DEFENDANT'S ATTORNEY: And the legal argument would be that the -- this type of a rebuttable presumption of shifting of the duty of proof in this case would constitute conflict or assault of contradiction with the due process. And the first argument that comes to mind in this case would be well, this should be allowed because this is all a civil matter. I haven't dealt with rebuttal presumption much in my practice. Something like that exists in summary judgment or presentation of proof attached to a complaint can be rebutted -- can provide proof that those documents are accurate unless they're challenged.
>
> So the main reason that this is not -- this crosses over the procedural line is a substantive problem due process is because of the consequences. And even though this is a civil matter, the -- it's a traffic -- [Defendant has] been charged by a government for driving reckless. And before the government he now has to prove that he -- that he's innocent or that he wasn't driving reckless. That's the shifting of the burden in this case. If he loses, if there's a conviction, as a commercial driver the facts would show that he would receive at least seven points on his driving license for this type of an act and it will show up on his driving record as reckless driving. It doesn't distinguish between oh, this is just a city case. It's reckless driving. It could be construed as a violation of the TCA even by looking at the MVR [Motor Vehicle Record]. So the consequences are severe enough I think, Your Honor, to create a due process problem here. Even though it's not criminal,

it's -- even a traffic case is considered -- the best definition is quasi-criminal. And I think that exists in this case even though it's just a civil statute with a civil penalty. The consequences are the same as if he was charged with a state -- if he's found guilty of a state offense, except for the jail time and the fine. So that's the --

THE COURT: So the argument is it's a due process issue here or what's the argument?

DEFENDANT'S ATTORNEY: Well, I don't know if it would be due process or unconstitutional, but it seems like the burden shifting has to do with the process of the law. If [Defendant] has to convince this Court that he's innocent, that creates a problem with the procedure of law, it seems to me, but it may be that it's just not constitutional.

The Trial Court then heard testimony from two witnesses: (1) Officer Christopher Augustin, a police officer with the Metro Nashville Police Department, and (2) Defendant. Officer Augustin testified that the speed limit was 45 miles per hour where Defendant was driving. Officer Augustin stated that in December 2019, he was at a stationary post on Murfreesboro Pike near the airport, where he would back in at an angle that gave him a clear and unobstructed view into a tunnel, allowing him to "do speed enforcement on vehicles coming through that tunnel." According to Officer Augustin, Defendant was moving in the direction toward him from the tunnel and appeared to be driving above the speed limit. Officer Augustin testified that he used a laser device, with which he had received training, and pointed the device toward Defendant's vehicle through his open window. The laser device indicated a speed of 65 miles per hour when pointed at Defendant's vehicle. Officer Augustin identified the vehicle he stopped as a silver Toyota Corolla and Defendant as the driver of the vehicle. Officer Augustin confirmed that he was confident that the vehicle he pinpointed with the laser device was driven by Defendant. On cross-examination, Officer Augustin testified that he did not recall the traffic pattern in December 2019 when he issued the citation to Defendant or take any notes regarding the traffic stop.

Defendant testified that he is a truck driver with a commercial driver's license (CDL), but he was not driving a commercial truck at the time of the offense. He explained that on the night in question, he was driving with three cars in front of him and three cars behind him, with a car between his vehicle and the police officer's vehicle. Defendant offered as an exhibit a drawing he made of the traffic pattern that night that reflected his vehicle in the middle lane coming out of the tunnel with seven other vehicles nearby. Defendant stated that when the officer pulled him over, the officer told him that he was speeding and gave him a ticket. According to Defendant, he denied to the officer that he was speeding. Defendant testified that he was driving only 45 miles per hour at the time, which was the speed limit. Defendant stated that he did not travel that road often and that

he was not in a hurry. According to Defendant, he tries to "keep the speed limit" because he is a truck driver. Defendant stated that he was aware that a reckless driving conviction would result in seven points on his CDL license and explained that he would be unable to work as a truck driver with reckless driving on his record.

At the conclusion of trial, the following transpired between the Trial Court and Defendant's counsel:

DEFENDANT'S COUNSEL: And, Your Honor, I really don't believe that [Defendant] should have to prove that he's not reckless driving. As reckless driving is what he's charged with then that's what's going to go on his record.

THE COURT: I don't think [Defendant] has to prove a thing.

DEFENDANT'S COUNSEL: Well, according to the statute --

THE COURT: I'm not placing the burden on [Defendant].

DEFENDANT'S COUNSEL: All right. That's all I have, Your Honor.

Following a bench trial, the Trial Court entered an order, stating as follows:

Based upon all the evidence presented, the testimony of Metropolitan Nashville Police Department Officer Christopher Augustin, the testimony of the Defendant, and the argument of counsel, the Court finds that on December 28, 2019, the Defendant was driving his vehicle at a speed of sixty-five (65) miles per hour where the posted speed limit is forty-five (45) miles per hour along Murfreesboro Pike near the intersection of Knight Valley Drive.

* * *

Accordingly, [Metro] has met its burden to prove that the Defendant was driving at a speed of twenty (20) miles per hour more than the posted speed limit on a metropolitan street. The Defendant presented no proof to rebut the presumption that the Defendant was driving in a wilful and wanton disregard for the safety of persons or property. Therefore, the Defendant is guilty of violating Metropolitan Code of Law § 12.68.180.

As a result, Defendant was ordered to pay a $50 fine and all court costs. Defendant timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Defendant raises the following issues for our review: (1) whether the Trial Court erred by finding Defendant guilty of reckless driving, pursuant to Metropolitan Code of Law § 12.68.180(A); (2) whether Metropolitan Code of Law § 12.68.180(A) violates Defendant's due process rights under the Tennessee Constitution, Article 1, § 8; and (3) whether Metro has jurisdiction to administer a "criminal-type punishment" due to violation of its ordinance and whether such punishment would violate Defendant's rights under the Tennessee Constitution, Article 1, § 16. Additionally, Metro raises one issue for our review: whether Defendant has waived any issues concerning whether Metropolitan Code of Law § 12.68.180(A) violates his rights under Tennessee Constitution, Article 1, §§ 8 and 16.

This case involved a bench trial. Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *Kelly*, 445 S.W.3d at 692.

We first address the arguments raised by Defendant concerning whether Metropolitan Code of Law § 12.68.180(A) violates Tennessee Constitution, Article 1, §§ 8 and 16 and Metro's argument that he waived those issues. Section 8 of Article 1 of the Tennessee Constitution provides: "That no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Section 16 of Article 1 provides: "That excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

In its brief, Metro argues that Defendant waived his constitutional arguments by failing to properly raise them during the trial court proceedings. Issues that have not been properly raised in the trial court proceedings generally cannot be argued for the first time on appeal. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). This rule also generally applies to constitutional attacks on the validity of a statute. *City of Memphis v. Shelby Cty.*, 469 S.W.3d 531, 560 (Tenn. Ct. App. 2015). As our Supreme Court has stated:

> It has long been the general rule that questions not raised in the trial court will not be entertained on appeal and this rule applies to an attempt to make a constitutional attack upon the validity of a statute for the first time on appeal unless the statute involved is so obviously unconstitutional on its face as to obviate the necessity for any discussion.

*Lawrence v. Stanford*, 655 S.W.2d 927, 929 (Tenn. 1983). In his reply brief, Defendant argues that he was not required to file an answer or other responsive pleading in response

to the traffic citation and that his counsel had asserted a challenge to the ordinance at issue in his opening and closing statements at trial.

Although Defendant argued that the ordinance was unconstitutional during opening statements, making vague references to the ordinance being unconstitutional or a violation of due process, his arguments concerning constitutionality of the ordinance were only minimally addressed by Defendant and the Trial Court's order is silent as to any constitutionality issue. "This is a court of appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts[.]" *Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976). Our Supreme Court has found a constitutional issue waived when the party failed to raise the issue timely and only "minimally addressed" the issue. *See In re Adoption of E.N.R.*, 42 S.W.3d 26, 32 (Tenn. 2001). *See also In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009) (stating that "[a] conclusory contention that a statute is unconstitutional, raised for the first time in closing argument . . . does not present an attractive issue for appellate review." (quoting *In re Adoption of E.N.R.,* 42 S.W.3d at 31)); *City of Memphis*, 469 S.W.3d at 561 (determining a constitutional challenge to be "late-raised [and] minimally addressed" when it was raised in a footnote of a pre-trial brief filed the day before trial (quoting *In re M.L.P.*, 281 S.W.3d at 394)). Regardless of whether raising an issue during opening arguments could be considered timely, it is clear that Defendant failed to include sufficient specificity as to the reasoning behind his argument that the ordinance was unconstitutional or a violation of due process.

We acknowledge that Defendant's counsel stated that the ordinance at issue is unconstitutional and referred vaguely to a violation of due process. However, Defendant's argument was not supported by any citation to any relevant constitutional provisions to which Defendant claimed it had violated. Defendant also provided the Trial Court with no case law or other guidance supporting his argument. Furthermore, when the Trial Court attempted to clarify the basis of Defendant's argument, Defendant's counsel stated: "Well, I don't know if it would be due process or unconstitutional, but it seems like the burden shifting has to do with the process of the law." Defendant clearly had not developed a rational and supported argument for the Trial Court to consider so it is unsurprising that the Trial Court did not address Defendant's constitutional issue in its order.

We agree with Defendant that in this appeal from General Sessions Court to Circuit Court, he was not required to file an answer in this matter to respond to the allegations against him. This, however, does not mean that Defendant is relieved of his obligation to properly raise an issue before the Trial Court. Defendant was not prohibited from filing an answer or a pre-trial motion challenging the constitutionality of the ordinance. Such an answer or motion, although not required, may well have been beneficial in providing sufficient basis for his constitutional challenges to the ordinance. During trial, Defendant failed to specify even minimal legal authority, including a lack of citations to the constitutional articles or sections the ordinance allegedly violated. Defendant merely made

vague references to the ordinance's unconstitutionality and its violation of due process but made no reference in the Trial Court proceedings to either section 8 or 16 of Article 1 of the Tennessee Constitution, the constitutional provisions which Defendant now argues apply.

Additionally, after the Trial Court made no mention in its order of any constitutional challenge to the ordinance at issue, Defendant did not file any motion or otherwise respond to bring the constitutional challenge to the Trial Court's attention. Defendant had opportunities to present a developed argument supported by legal authority to the Trial Court regarding the constitutionality of the city ordinance; however, he did not do so. Simply put, Defendant did not properly challenge the constitutionality of the ordinance at issue during the proceedings before the Trial Court. It was only on appeal that Defendant articulated an argument that included citations to the constitutional provisions that he alleges the ordinance violates and included specific reasoning behind his arguments. The ordinance in question, however, is not so obviously unconstitutional on its face as to obviate the necessity for any discussion. Because we hold that Metropolitan Code of Law § 12.68.180(A) is not unconstitutional on its face and Defendant failed to properly raise issues concerning its constitutionality before the Trial Court, we find that Defendant has waived these issues on appeal.

We next address Defendant's argument concerning whether the Trial Court erred in finding by a preponderance of the evidence that Defendant violated Metropolitan Code of Law § 12.68.180(A). Metropolitan Code of Law § 12.68.180(A) provides as follows:

> It is unlawful for any person to drive any vehicle upon the streets of the metropolitan government or upon any private road or driveway or parking area in a wilful and wanton disregard for the safety of persons or property. Any person who drives any vehicle at a speed of fifteen or more miles per hour than the posted speed limit upon any streets of metropolitan government or upon any private road or driveway or parking area in any residence district shall be presumed to be driving in a wilful and wanton disregard for the safety of persons or property and the burden of proof shall be upon the driver to establish that they were not driving with such disregard.

In his brief, Defendant argues that Metropolitan Code of Law § 12.68.180(A) applies only to streets in a "residence district" and that the evidence presented shows that the area where Defendant was driving was not a "residence district" as intended in the ordinance. However, Metro argues that Defendant had not raised this issue with the Trial Court and that it "was not afforded the opportunity to present any evidence, or arguments, regarding the correct statutory interpretation of the ordinance." We agree with Metro that Defendant made no argument to the Trial Court concerning this interpretation of the ordinance, and we decline to address it for the first time on appeal. Therefore, we find that Defendant has waived this argument on appeal.

- 7 -

Defendant argues that his speeding alone is not sufficient to prove reckless driving. Our Supreme Court has held that "under certain facts and circumstances excessive speed can be sufficient to sustain a conviction of reckless driving." *State v. Wilkins*, 654 S.W.2d 678, 680 (Tenn. 1983) (affirming a conviction for reckless driving for a defendant driving 120 miles per hour on a highway with hills and curves). As the *Wilkins* Court held, "we think it is within the discretion of the finder of fact to consider that a motor vehicle's speed can be so fast as to constitute willful and wanton disregard for persons or property, be it the person and property of the driver or others on the road or in the area." *Id*. The Court in *Wilkins* analyzed *Burgess v. State*, 369 S.W.2d 731 (Tenn. 1963), and acknowledged that "[d]riving at 20 miles an hour in and of itself is not willful and wanton disregard for another's safety" but that this excessive speed "coupled with a statute which prohibits speeds in excess of 15 miles per hour in school zones" was sufficient that a jury could determine a defendant was guilty of reckless driving. *Wilkins*, 654 S.W.2d at 679.

Although Defendant argued at trial that he was not speeding, the Trial Court credited Officer Augustin's testimony and found that Defendant had been speeding, driving his vehicle at a speed of 65 miles per hour in a 45-mile-per-hour zone, which was twenty miles per hour over the posted speed limit. The Trial Court further found that Defendant had not rebutted the presumption that he had been driving with "a willful and wanton disregard for the safety of persons or property." Other than testifying that he was not driving over the speed limit, Defendant presented no evidence to demonstrate that his driving was not "a willful and wanton disregard for the safety of persons or property." Defendant testified during trial that on the night in question, he was driving in an area with other vehicles present, with three vehicles driving ahead of him, three vehicles driving behind him, and one to his side. This fact establishing that Defendant was driving at an excessive speed in the midst of other vehicles supports the Trial Court's finding that Defendant was driving with "a willful and wanton disregard for the safety of persons or property." We hold that the evidence presented at trial supports the Trial Court's finding that Defendant violated Metropolitan Code of Law § 12.68.180(A).

We acknowledge that Defendant possesses a Commercial Driver's License (CDL) and that Tennessee Code Annotated § 55-10-306(b)(1) states that a magistrate or judge must immediately forward a copy of convictions for a traffic offense to the Tennessee Department of Safety. Defendant has argued that a conviction of reckless driving pursuant to Tennessee Code Annotated § 55-10-205(a) will result in a certain number of points on his individual's driver's license. *See* Tenn. Comp. R. and Regs. 1340-01-04-.03. Tennessee Code Annotated § 55-10-205(a) does not include the rebuttable presumption that is included in Metropolitan Code of Law § 12.68.180(A), and as Metro points out, the burden of proof is different in civil proceedings. Defendant's argument that a violation of Metropolitan Code of Law § 12.68.180(A) should not affect his ability to drive a vehicle or result in points added to his driver's license for reckless driving may be an issue for him to address with the Tennessee Department of Safety, the entity who maintains the driver

point system and actually applies the points to his license. It is not an issue to be raised in this appeal against this defendant.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Abdiqani Gelle, and his surety, if any.

_____

D. MICHAEL SWINEY, CHIEF JUDGE